SUZANNE M. SEARLES *v.* NATALIE
SCHULMAN ET AL.
(AC 19075)

Schaller, Pellegrino and Dupont, Js.

Argued March 28—officially released June 20, 2000

*Suzanne M. Searles*, pro se, the appellant (plaintiff).

*Nicole D. Dorman*, for the appellees (defendants).

*Opinion*

PELLEGRINO, J. The plaintiff, Suzanne M. Searles, appeals from the trial court's denial of her motion to open the judgment dismissing her complaint because

of her failure to appear at a trial management confer-
ence. We affirm the order of the trial court.

The following facts and procedural history are rele-
vant to our resolution of this appeal. On April 24, 1995,
the plaintiff, pro se, instituted the present action against
the named defendant, Natalie Schulman, alleging an
assault in a local grocery store. The complaint also
named a codefendant who was a member of the West
Hartford board of education (board), claiming that the
board illegally had terminated her contract as a
teacher.[1] On the day following the filing of the com-
plaint, April 25, 1995, the plaintiff filed an amended
complaint, the first of many amended complaints, add-
ing four additional members of the board as defendants.
The allegations in the amended complaint concerning
the claim of wrongful termination gave rise to the
board's motion to strike, which was granted in August,
1995. On July 18, 1995, the plaintiff again filed an
amended complaint seeking redress for her alleged
wrongful termination. The board then filed another
motion to strike that was granted as to the wrongful
termination claim. Three additional amended com-
plaints thereafter were filed.[2]

On April 1, 1996, the plaintiff sought to join this action
with the matters pending in this court and other actions
pending in the federal court system.[3] On May 10, 1996,
the plaintiff sought to join as parties the River Mead

---

[1] The plaintiff had instituted prior actions alleging wrongful termination
of her teaching contract, which were resolved in favor of the board. *Searles*
v. *Board of Education*, 40 Conn. App. 901, 668 A.2d 399, cert. denied, 236
Conn. 917, 673 A.2d 1143 (1996); *Searles* v. *Board of Education*, 40 Conn.
App. 902, 668 A.2d 399, cert. denied, 236 Conn. 916, 673 A.2d 1142 (1996).
Both of these matters were on appeal in this court at the time the present
action was instituted.

[2] The additional amended complaints were dated October 30, 1995, April
1, 1996, and April 12, 1996.

[3] According to the plaintiff's motion for joinder, there were two matters
pending in federal court.

Homeowners' Association, Imagineers, and the Windsor Management Company.[4] On May 23, 1996, the plaintiff again sought to join the board and the assistant superintendent of schools for the town of West Hartford. On November 26, 1996, the plaintiff attempted to consolidate into the present case a foreclosure action pending against her.[5] All of those motions were denied.

On January 6, 1997, the named defendant[6] filed an answer and special defense. Before this matter was scheduled for trial, there were not fewer than 224 docket entries, representing both the coding of motions and court action. In addition, the record discloses that eight judges were called upon to deal with the voluminous pretrial motions. The court set a trial date of September 25, 1998, and scheduled a trial management conference for September 8, 1998. The plaintiff filed a motion to postpone the scheduled trial date, but that motion was denied on August 24, 1998. The plaintiff failed to appear at the trial management conference scheduled for September 8, 1998, and it was because of her failure to appear that the court dismissed this case.

On October 26, 1998, the plaintiff filed a motion to open the judgment of dismissal, which motion the court denied on November 9, 1998. The plaintiff has appealed from this order. The sole issue on appeal is whether the trial court abused its discretion when it refused to open the judgment dismissing the present action

---

[4] According to the plaintiff's motion for joinder, these entities were defendants in an unrelated action filed by the plaintiff: *Searles* v. *River Mead Homeowners' Assn.*, Superior Court, judicial district of Hartford, Docket No. CV-96-0557401-S.

[5] According to the plaintiff's motion for joinder, the foreclosure action was *River Mead Condominium Assn., Inc.* v. *Searles*, Superior Court, judicial district of New Britain, Docket No. 95-0467666-S.

[6] Because the cases against all of the codefendants were dismissed, the defendant, when mentioned herein, refers to Schulman only.

following the plaintiff's failure to appear at the trial management conference.[7]

"The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1].[8] . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused it discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Citations omitted; internal quotation marks omitted.) *Alix* v. *Leech*, 45 Conn. App. 1, 3–4, 692 A.2d 1309 (1997).

The plaintiff is not able to attack the trial court's decision dismissing her complaint because she failed to file an appeal within twenty days after her complaint was dismissed on September 11, 1998, and the motion to open the judgment was also not filed within the twenty day period. See *Charbonneau* v. *Charbonneau*, 51 Conn. App. 311, 312, 721 A.2d 565 (1998), cert. denied, 247 Conn. 964, 724 A.2d 1125 (1999) (precluding party from appealing merits of case because neither motion to open nor appeal from underlying judgment was filed within twenty day appeal period). The only issue for us to decide, therefore, is whether the trial court abused its discretion in failing to open the judgment.

It is well established that "[a] motion to open and vacate a judgment . . . is addressed to the [trial]

[7] The plaintiff raises several other claims, which we need not address because our resolution of this claim is dispositive.

[8] Practice Book § 63-1 (a) provides in relevant part that "an appeal must be filed within twenty days of the date notice of the judgment . . . is given. . . ."

court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Alix* v. *Leech*, supra, 45 Conn. App. 4; see also *Grunschlag* v. *Ethel Walker School, Inc.*, 190 Conn. 679, 684, 462 A.2d 1 (1983) (action of court in refusing to open judgment generally will not be disturbed on appeal unless court has abused its discretion); *Danise* v. *Budget Rent-A-Car of Westchester, Inc.*, 41 Conn. App. 297, 299, 675 A.2d 464 (1996) ("[w]here a court has the power to open a judgment, its action represents the exercise of discretion . . . [and this court] will not disturb that decision on appeal unless the court acted unreasonably and in clear abuse of its discretion").

Although the plaintiff in her motion to open dated October 26, 1996, stated that she was unable to attend the scheduled trial management conference because of out of state medical "appointments," there is nothing in the record verifying the appointments or indicating why these appointments could not be rescheduled. The other reason advanced by the plaintiff in her motion, also unsubstantiated, was that the wrongful termination of her teaching contract had left her homeless. The plaintiff has not met her burden of demonstrating that the court abused its discretion. See *Burke* v. *Ruggerio*, 24 Conn. App. 700, 706, 591 A.2d 453, cert. denied, 220 Conn. 903, 593 A.2d 967 (1991). After examining the entire record and making every reasonable presumption in favor of the court's action; *Brunswick School, Inc.* v. *Hutter*, 53 Conn. App. 455, 460, 730 A.2d 1206 (1999); we conclude that the court did not abuse its discretion

in denying the motion to open the judgment of dismissal.

The denial of the plaintiff's motion to open the judgment is affirmed.

In this opinion the other judges concurred.