## IN RE SALVATORE P. ET AL.*
### (AC 22700)

Lavery, C. J., and Dranginis and Freedman, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued September 9—officially released December 10, 2002

*Albert J. Oneto III*, with whom was *Albert J. Oneto IV*, legal intern, for the appellant (respondent mother).

*Karla A. Turekian*, assistant attorney general, with whom were *Maureen D. Regula*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Eliot D. Prescott*, assistant attorney general, for the appellee (petitioner).

*Thomas A. Esposito*, for the minor children.

*Opinion*

FREEDMAN, J. The respondent mother appeals from the denial of her motion to open and to vacate the

judgments of the trial court terminating her parental rights with respect to her two minor children.[1] We affirm the judgments of the trial court.

The following facts are necessary for the resolution of the respondent's appeal. On October 13, 2000, the petitioner, the commissioner of the department of children and families (commissioner), filed petitions to terminate the respondent's parental rights as to the children. The respondent was served with the petitions via publication in the New Haven Register. On November 6, 2000, the respondent was defaulted for failure to appear in court.

The trial on the termination petitions commenced on January 25, 2001, and lasted for four days. Although the respondent was not present at trial, she was represented by counsel throughout the court proceedings. On April 9, 2001, the court, in a thorough and comprehensive memorandum of decision, terminated the respondent's parental rights as to both children. The respondent did not appeal from that decision.

On August 24, 2001, the respondent filed a motion to open and to vacate the judgments. In the motion, the respondent asserted that she never had received notice, by service or otherwise, that termination petitions had been filed by the commissioner. She also asserted that she had defenses at the time of the rendition of the judgments, "but was unable to appear to assert such defenses due to her absence . . . ." The respondent attached her affidavit to the motion in which she averred in relevant part that "my defenses regarding the termination proceeding included that I was residing with people who prevented my access to the mails or telephones, that I had been in fear of my safety, that I

---

[1] The court also terminated the parental rights of the respondent fathers of each of the children. Because neither father has appealed, we refer in this opinion to the respondent mother as the respondent.

am the psychological parent and an important parental figure of the minor children . . . ."

Oral argument on the respondent's motion took place on October 24, 2001. The respondent was present at the hearing on the motion to open and to vacate the judgments but did not testify. At the conclusion of the argument, the court denied the motion. The respondent then filed the present appeal.

I

The respondent first claims that the court improperly denied her motion to open the judgments as a matter of law. In support of that argument, the respondent specifically argues that she was unable to attend the termination trial due to circumstances constituting duress. The commissioner counters that the respondent failed to file her motion within four months of the termination judgments as required by General Statutes § 52-212a and that the court, therefore, properly denied the motion.[2]

General Statutes § 52-212a[3] provides in relevant part that "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." In

_____

[2] The commissioner points out that the respondent's reliance on General Statutes § 52-212 to support the opening of the termination judgments is inaccurate, as § 52-212 refers to the opening of a default judgment. The commissioner further contends that although the respondent was defaulted, the termination judgments were rendered after a contested four day trial in which the respondent was represented by counsel. The commissioner argues, therefore, that the applicable statute is General Statutes § 52-212a. We note, however, that both §§ 52-212 and 52-212a contain the requirement that a motion to open be filed within four months of the date on which judgment is rendered or passed.

[3] See footnote 2.

the present case, it is undisputed that the judgments terminating the respondent's parental rights were rendered on April 9, 2001. The respondent's motion to open and to vacate the judgments was filed on August 24, 2001, more than four months after the termination judgments were rendered. The court, therefore, did not have the authority to grant the relief requested by the respondent.[4]

We note, however, that "[c]ourts have intrinsic powers, independent of statutory provisions authorizing the opening of judgments, to vacate any judgment obtained by fraud, duress or mutual mistake." *In re Baby Girl B.*, 224 Conn. 263, 283, 618 A.2d 1 (1992). "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *Carlin Contracting Co.* v. *Dept. of Consumer Protection*, 49 Conn. App. 501, 503, 714 A.2d 714 (1998). The issue before us is whether the court abused its discretion in refusing to open the judgments on the ground of duress. Under the circumstances of this case, we conclude that the court did not abuse its discretion in denying the motion.

In seeking to open the termination judgments, the respondent had the burden at the hearing to do more than assert an unadorned claim that due to duress, she was unable to attend the termination trial. See *Housing*

---

[4] The commissioner contends that because she did not waive or consent to the waiver of the four month time limit, the court was without jurisdiction to grant the requested relief. In *Kim* v. *Magnotta*, 249 Conn. 94, 102–103, 733 A.2d 809 (1999), our Supreme Court held, however, that General Statutes § 52-212a acts "as a limitation on the trial court's general authority to grant relief from a judgment, not as a limitation on its personal jurisdiction over the parties."

*Authority* v. *Lamothe*, 225 Conn. 757, 769, 627 A.2d 367 (1993). The motion to open, grounded on duress, necessarily required the court to make a factual determination with regard to the alleged duress. Id.; see also *Jenks* v. *Jenks*, 232 Conn. 750, 753, 657 A.2d 1107 (1995).[5] The court in the present case, however, was presented with no evidence at the hearing on which to make that factual determination.

The record reflects that although the respondent was present at the hearing on the motion to open and to vacate the termination judgments, she did not testify, and no evidence was introduced on her behalf as to why the motion to open should be granted. Although the respondent's affidavit, attached to the motion, indicated that she had been "residing with people who prevented [her] access to the mails or telephones," and that she "had been in fear of [her] safety," no evidence was offered in support of those conclusory statements.[6] Although the respondent argues in her brief that "[her] disappearance was the result of duress, not intention," the court was presented with no evidence on which to make such a finding.[7] The court, therefore, did not abuse

---

[5] We recognize that *Lamothe* and *Jenks* involved stipulated judgments in which the motion to open was filed within four months.

[6] The commissioner correctly pointed out during oral argument on the motion to open that "the supporting affidavit that was prepared by the mother, does not in any way, shape or form explain why she wasn't able to even make a phone call to anybody, not to her mother, not to [the department of children and families], not to a cousin. . . .

"The mother fails in her affidavit to indicate what her defenses might be to a termination of parental rights. She also fails to identify how she was prevented from returning to the state of Connecticut. She doesn't indicate why she was able to come back to the state of Connecticut in April of 2000. And I believe that was when the social worker testified that she offered the mother assistance. And then the mother disappeared again."

[7] The court questioned counsel for the respondent as to whether the respondent had sought assistance during the alleged time of duress, and the response was that she had not. The following colloquy, in relevant part, occurred between the court and the respondent's counsel:

"The Court: Did your client ever ask law enforcement for help? Did she ever ask for the witness protection program? Did she ever [ask] to be taken

its discretion in denying the respondent's motion to open and to vacate the judgments on the ground of duress.[8]

## II

The respondent next claims that the court improperly found that service of process by publication was sufficient in this case. We disagree.

The respondent was served with the petitions for termination of parental rights via publication in the New Haven Register. Such service is permissible at least ten days before the date of the hearing in situations in which the respondent's whereabouts are unknown. General Statutes § 45a-716 (c).[9]

---

into protective custody? Did she ever ask the state of Connecticut for—for help in keeping her safe?

"[Respondent's Counsel]: I don't believe that she did, Your Honor."

[8] The respondent raises two additional arguments in support of her claim that the court improperly denied her motion to open. She first argues that the court, at trial, improperly struck the cross-examination testimony of a department of children and families worker who possessed knowledge that the respondent was being held against her will. As to that claim, we note that the issue presently before this court is whether the trial court properly denied the respondent's motion to open in the absence of any evidence to support her claim of duress. Evidentiary rulings made during the course of the underlying termination proceedings, on which no appeal was taken, are not properly before this court.

The respondent also argues that the court improperly relied on the best interest of the child standard in denying the motion to open. With regard to that claim, we simply refer to General Statutes § 45a-719, which provides in relevant part: "The court may grant a motion to open or set aside a judgment terminating parental rights pursuant to section 52-212 or 52-212a or pursuant to common law or may grant a petition for a new trial on the issue of the termination of parental rights, *provided the court shall consider the best interest of the child,* except that no such motion or petition may be granted if a final decree of adoption has been issued prior to the filing of any such motion or petition. . . ." (Emphasis added.)

[9] General Statutes § 45a-716 (c) provides in relevant part: "If the address of any person entitled to personal service or service at the person's usual place of abode is unknown, or if personal service or service at the person's usual place of abode cannot be reasonably effected within the state or if any person enumerated in subsection (b) of this section is out of the state, a judge or clerk of the court shall order notice to be given by registered or

The court's thorough memorandum of decision reflects the following facts that pertain to the respondent's claim. The commissioner assumed care of the children in May, 1999. The intention at that time was to work with the respondent toward reunifying her with the children. The commissioner provided services to the respondent in furtherance of that goal. In October, 1999, the respondent's whereabouts became unknown. She reappeared in April, 2000, and told Francine Leonard, the department caseworker assigned to this case, that she had resumed drug use, was living in a motel in Stratford and was working as a dancer in a topless bar. The respondent told Leonard that she wanted to get back into treatment and get her children back. The commissioner thereafter secured a shelter bed for the respondent, but she never appeared at the shelter. Leonard told the respondent in April, 2000, that if the respondent did not "get her act together," the commissioner probably would file petitions for the termination of her parental rights. Leonard had no further contact with the respondent.

At the commencement of trial, counsel for the respondent admitted that he had sent letters to the respondent, but that he had not seen her since October, 1999. According to the respondent's affidavit, attached to the motion to open, she left Connecticut in April, 2000, and did not return until July, 2001.

We recognize that "[n]otice by publication, although sometimes necessary, is not the preferred method for assuring full participation in so significant an impairment of constitutionally protected parental rights." *In re Baby Girl B.*, supra, 224 Conn. 295. In the present

certified mail, return receipt requested, or by publication at least ten days before the date of the hearing. Any publication shall be in a newspaper of general circulation in the place of the last-known address of the person to be notified, whether within or without this state, or if no such address is known, in the place where the termination petition has been filed."

case, however, the respondent chose to absent herself and to make her whereabouts unknown after having been informed that petitions to terminate her parental rights could be filed. Her interests were, however, represented by counsel during the proceedings on the termination petitions.

At a conference prior to the commencement of trial, counsel for the respondent inquired whether an attorney or guardian ad litem should be appointed to do a diligent search for the respondent. In response, the court expressed its views about how the respondent had been given chances to engage in services and then had disappeared.[10] We agree with the court and conclude that in this case, in which the respondent's whereabouts were unknown, service properly was effected via publication.

### III

The respondent next claims that the court improperly acted on the motion to open. The respondent argues that the court, having presided over the trial at which the respondent was not present, was unable objectively to decide the motion to open, and, therefore, it should have been referred to another judge. We disagree.

The respondent did not file a motion for disqualification of the trial judge prior to or during the argument on the motion to open. "It is a well settled general rule that courts will not review a claim of judicial bias on appeal unless that claim was properly presented to the

---

[10] The court stated in part that "[t]his isn't a situation where she wasn't aware of what's going on. You know, it's not a situation where there's a real question of whether she ever knew that she was the mother of these children, which is often the case when it's the father. They tried to engage her in services, she didn't want to know about it. . . . She has chosen not to be involved in these children's lives, and she has, you know, chosen not to take advantage of services that were offered. It's not something where I feel as though we omitted anything. She doesn't want to be found, my guess is."

trial court via a motion for disqualification or a motion for mistrial." *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990). Because the respondent did not file a motion for disqualification, she cannot prevail on her claim that the motion to open should have been heard by another judge.

The judgments are affirmed.

In this opinion the other judges concurred.