TYLER E. LYMAN, INC. *v.* ALBERT C. LODRINI ET AL.
(AC 23377)

Lavery, C. J., and Schaller and West, Js.

Argued May 6—officially released August 12, 2003

*James Colin Mulholland,* for the appellant (defendant Virginia Lodrini).

*David P. Condon,* for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant Virginia Lodrini[1] appeals from the judgment of the trial court, denying her motion to open the default judgment that was entered against her and to restore the case to the regular docket. On appeal, the defendant contends that the court improperly (1) held that this court already had determined conclusively that the motion was not timely filed pursuant to General Statutes § 52-212 and (2) declined to afford her an evidentiary hearing on the motion to open the judgment, which motion was based on a claim of fraud on the court. We agree with the defendant and, accordingly, reverse the judgment of the trial court.

The facts were previously set forth in *Tyler E. Lyman, Inc.* v. *Lodrini,* 63 Conn. App. 739, 780 A.2d 932, cert. denied, 258 Conn. 902, 782 A.2d 137 (2001), and were repeated in our opinion with regard to Albert Lodrini. See *Tyler E. Lyman, Inc.* v. *Lodrini,* 78 Conn. App. 582, 828 A.2d 676 (2003). For the purposes of this opinion, we briefly summarize them as follows. On January 16, 1998, the plaintiff, Tyler E. Lyman, Inc., commenced this action against the defendants, Albert Lodrini and Vir-

---

[1] The named defendant, Albert C. Lodrini, filed a separate appeal from the denial of his motion for an award of counsel fees pursuant to General Statutes § 42-150bb. In a separate opinion released on the same date, we reversed the judgment of the trial court and remanded that matter for a new hearing. See *Tyler E. Lyman, Inc.* v. *Lodrini,* 78 Conn. App. 582, 828 A.2d 676 (2003). The only defendant in the present appeal is Virginia Lodrini.

ginia Lodrini, to recover $73,500 in real estate commissions to which it believed it was entitled pursuant to the terms of a listing agreement between the parties. On February 19, 1998, the court entered a default judgment against the defendants. On August 17, 1998, the defendants filed a motion to set aside the default judgment and to restore the case to the civil docket. The court denied that motion.[2]

On appeal to this court, we held that the trial court was correct in finding that the motion to set aside the default judgment was untimely as to the defendant Virginia Lodrini.[3] *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 748. We therefore affirmed the judgment of the trial court as to the defendant. Id.

The defendant then filed a motion to open the default judgment and to restore the case to the regular docket, claiming that the underlying default judgment was obtained by the plaintiff's fraudulent nondisclosure of a material fact. The plaintiff opposed the defendant's motion to open, arguing that this court's prior ruling in the action conclusively determined that the motion was not timely pursuant to § 52-212 and, further, that the defendant could not show an act of fraudulent nondisclosure. The court denied the defendant's motion without conducting a hearing at which the parties could present evidence on the fraud claim. The defendant then filed a motion to reargue, in which she argued, inter alia, that because the motion to open alleged fraud, which is a fact bound issue, the motion could not be

---

[2] The court initially denied the motion without a hearing on October 8, 1998. The defendants filed a motion to reargue, which the court granted on October 28, 1998. A hearing took place on November 23, 1998. On March 16, 1999, the court, in an oral decision, denied the defendants' motion to set aside the default judgment. See *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 742–43.

[3] We held that the motion was timely as to Albert Lodrini, and we reversed the judgment as to him. *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 748.

decided without an evidentiary hearing. The court denied the motion to reargue. The defendant then appealed to this court.[4]

"Our review of a court's denial of a motion to open [based on fraud] is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to or deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Mattson* v. *Mattson*, 74 Conn. App. 242, 244, 811 A.2d 256 (2002).

"[C]ourts have intrinsic powers, independent of statutory provisions authorizing the opening of judgments, to vacate any judgment obtained by fraud, duress or mutual mistake." (Internal quotation marks omitted.) *In re Salvatore P.*, 74 Conn. App. 23, 27, 812 A.2d 70 (2002), cert. denied, 262 Conn. 934, 815 A.2d 135 (2003). "Allegations such as misrepresentation and fraud present issues of fact. . . . Moreover, [w]hether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact." (Internal quotation marks omitted.) *Jaser* v. *Fischer*, 65 Conn. App. 349, 358, 783 A.2d 28 (2001). "When a court's exercise of discretion depends on disputed factual issues, such as the existence of fraud, due process requires an evidentiary hearing." *Davis* v. *Fracasso*, 59 Conn. App. 291,

---

[4] In response to the defendant's motion for articulation, the court issued the following articulation of its decision:

"This court denied the motion to open the default filed by the defendant, Virginia Lodrini, dated May 6, 2002, on May 28, 2002.

"The plaintiff objected on two grounds: (1) that the Appellate Court has already conclusively determined that the motion was not timely pursuant to General Statutes § 52-212; and (2) that the defendant cannot prove her claim of fraudulent nondisclosure.

"The court agrees with the plaintiff's objection. For that reason it denied the defendant's motion to reopen the default."

299–300, 756 A.2d 325 (2000). The issue before us, therefore, is whether the court abused its discretion in refusing to open the judgment without holding an evidentiary hearing on the factual question raised by the defendant, namely, whether the underlying default judgment was obtained as a result of the plaintiff's fraudulent nondisclosure of a material fact. We conclude that under the circumstances of this case, the court abused its discretion in denying the defendant's motion to open.

The record reflects that the defendant raised two arguments in support of her initial motion to set aside the default judgment. She first argued that she had not been aware of the action and that she had acted promptly once she learned of it. She further argued that the manner in which the plaintiff had obtained the judgment was "questionable" in that the court was not apprised fully of all material and relevant facts. The court denied the motion on the ground that it was untimely. See General Statutes § 52-212. The court did not mention the second ground raised by the defendant in the motion. As previously stated, we affirmed the judgment of the court as to the defendant.[5]

As we stated, the defendant then filed a motion to open the default judgment and to restore the case to the regular docket. The defendant alleged that the default judgment was obtained as a result of the plaintiff's wilful and fraudulent failure to disclose to the court a material and relevant fact. Specifically, the defendant argued that the plaintiff never disclosed to the court, in any of its filings with the court, that the closing of the sale of the subject property took place in December, 1997, after

[5] We stated in our opinion that "[a]lthough there are exceptions to the rule requiring a party who seeks to open a default judgment to do so within four months of entry of the judgment, [the defendant] did not specifically allege the applicability of any of those exceptions as grounds for her late filing of the motion to open the judgment." *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 745 n.6.

the expiration of the two year limitation period set forth in the addendum to the parties' listing agreement. The defendant further indicated that although she raised the claim that the judgment was obtained as a result of the fraudulent nondisclosure of a material fact in her prior motion to open the default judgment, the court denied the motion strictly on timeliness grounds and did not make any findings with regard to her claim of fraudulent nondisclosure. The defendant requested a hearing and indicated that testimony was to be presented on the motion. The court, however, simply denied the motion without holding a hearing.

The defendant argues on appeal, as she did in the trial court, that no court has considered whether the default judgment was obtained as a result of fraud on the court. She argues that because judgments obtained by fraud may be challenged at any time; see *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980); and because her second motion specifically alleged fraudulent nondisclosure as the basis for the motion, the court abused its discretion in denying the motion without conducting an evidentiary hearing on the issue.

The plaintiff argues that the court previously denied the defendant's fraud claim. According to the plaintiff, implicit in the court's denial of the defendant's first motion to set aside on timeliness grounds was a finding that the defendant had not proven her fraud claim. The plaintiff further argues that our affirmance of the court's decision as to the defendant in *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 739, conclusively establishes that the issue of fraudulent nondisclosure was litigated and lost in that case. We disagree.

It is clear to us that the defendant's claim of fraudulent nondisclosure has yet to be addressed by either the trial court or this court. As we stated in *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 745 n.6,

the defendant did not specifically allege the applicability of the fraud exception as a ground for the late filing of her first motion to open. The court limited its opinion on that motion to the issue of timeliness under § 52-212. We, likewise, affirmed the judgment of the trial court as to the defendant solely on the timeliness issue and, therefore, did not address the fraud issue.[6]

Because the court's exercise of discretion in ruling on the motion to open was dependent on the disputed factual issue of fraud, due process required that the court hold an evidentiary hearing on that issue. See *Davis* v. *Fracasso*, supra, 59 Conn. App. 299–300. The court, therefore, abused its discretion in ruling on the matter without affording the parties the opportunity to present evidence with regard to the defendant's fraud claim.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[6] Our conclusion that the court did not consider the fraud claim is supported by our remand in *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 63 Conn. App. 739, as to Albert Lodrini. In that opinion, we reversed the judgment as to Albert Lodrini, concluding that as to him, the original motion to set aside was timely. We declined to consider his second ground for appeal, namely, that the court improperly refused to address the defendants' claim that the plaintiff had failed to disclose a material fact to the court. We stated, rather, that the court would have a full opportunity to hear and to address Albert Lodrini's claims in that regard on remand of the case. Id., 740. Although the remand was limited to Albert Lodrini, it supports our conclusion that the issue has not been addressed by the trial court. We would not have remanded the case on that issue as to Albert Lodrini if, as the plaintiff argues, we believed that the court had implicitly decided the issue when it held that the motion was untimely.