KEYIN T. WORTH ET AL. *v.* STEVEN E.
KORTA II, COMMISSIONER OF
TRANSPORTATION, ET AL.
(AC 32297)

DiPentima, C. J., and Robinson and Bishop, Js.

Argued September 20—officially released November 15, 2011

*Keyin T. Worth*, pro se, the appellant (plaintiff).

*Kevin S. Coyne*, for the appellees (defendant Armand R. Choquette et al.).

Opinion

DiPENTIMA, C. J. The plaintiff, Keyin T. Worth,[1] appeals from the judgment of the trial court rendered in favor of the defendants, Roberta M. Choquette and Armand R. Choquette.[2] On appeal, the plaintiff claims

---

[1] The plaintiff also named her business, Beautiful Things Boutiques, Inc., as an additional plaintiff, but this entity is not joined in the present appeal. Therefore, we refer to Keyin T. Worth as the plaintiff.

[2] The plaintiff also named the department of transportation (department), its commissioner, Steven E. Korta (commissioner), and the state of Connecticut as defendants. In January, 2009, the court granted the motion for a judgment of nonsuit filed by the department, the commissioner and the state. Accordingly, we refer to Roberta M. Choquette and Armand R. Choquette as the defendants.

that the court improperly denied her motion to open or set aside the judgment rendered in favor of the defendants.[3] We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The dispute underlying this appeal arose between the parties when the pro se plaintiff claimed that the defendants, whose property abuts the plaintiff's, diverted surface water onto her property, causing damages. In October, 2007, the plaintiff filed a second amended complaint of twelve counts, six of which were brought against the defendants.[4] The plaintiff asserted causes of action against the defendants sounding in negligence, trespass, nuisance, interference with business relations, and negligent infliction of emotional distress, and a claim for a temporary and permanent injunction. In June, 2009, five of the counts against the defendants were withdrawn, leaving only the claim for a temporary and permanent injunction.

In December, 2009, near the end of the trial to the court, the plaintiff filed an application for a temporary injunction and an order to show cause, as well as a motion to submit newly discovered evidence, both of which were denied. On December 15, 2009, the court issued an oral ruling denying injunctive relief and rendering judgment in favor of the defendants. The plaintiff filed a motion to reargue or for reconsideration, which was denied on February 19, 2010. On March 29, 2010, the plaintiff filed a motion to open or set aside the judgment of the court. This motion was denied on April 16, 2010. This appeal followed.

---

[3] In addition, the plaintiff makes several additional claims challenging the merits of the court's judgment, which denied her claim for a temporary and permanent injunction. Because we conclude that the court did not abuse its discretion in denying the plaintiff's motion to open the judgment, we decline to review these claims.

[4] See footnote 2 of this opinion.

Before addressing whether the court improperly denied the plaintiff's motion to open the judgment, we first respond to the plaintiff's argument that she was treated unfairly due to her status as a pro se litigant. In her brief, the plaintiff argues that her pro se status "put her in a discriminatory second class in front [of] the trial court bench." The plaintiff argues, for example, that the court improperly refused to give her additional time to procure expert witnesses. In response, the defendants note that "the plaintiff was allowed to disclose an expert witness during the middle of trial. In order to be fair, [the court] then allowed the defendants to disclose an expert witness in response to the plaintiff's expert." On the final day of trial, the court stated that "[j]udges are suppose[d] to assist and understand the problems of a pro se. And I have done that. And it could be questioned why during the middle of the trial I allowed expert testimony to be taken."

"While [w]e are aware that [i]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party . . . we are also aware that [a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 604, 10 A.3d 59 (2010). Our review of the record discloses that throughout the trial, the court took steps to ensure that the plaintiff was not treated as a "second-class" citizen, and that her case would not be prejudiced by her pro se status. Moreover, the court explained to the plaintiff on multiple occasions the burden of proof for her claim for injunctive relief, as well as what elements she still needed to prove

before the court could grant an injunction in her favor.[5] We conclude that the court exercised the appropriate level of latitude for the plaintiff as a pro se party.

The plaintiff claims that the court improperly denied her motion to open and set aside the judgment. Specifically, she argues that the court abused its discretion in denying her motion to open because she had newly discovered evidence, which constituted good cause to open the judgment. We disagree.

We first set forth the applicable standard of review. "The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1]."[6] (Internal quotation marks

[5] During trial, for example, the court stated: "And [opposing counsel], I recognize your difficulty in dealing with someone who's pro se and is not a lawyer. So I understand this and I have the same difficulty and she has a difficulty because she is a pro se, and this is a tough case to prove, but she has a right to prove it."

[6] Practice Book § 63-1 provides in relevant part: "(a) Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. The appeal period may be extended if permitted by Section 66-1 (a). If circumstances give rise to a new appeal period as provided in subsection (c) of this rule, such new period may be similarly extended as long as no extension of the original appeal period was obtained. If a motion is filed within the appeal period that might give rise to a new appeal period as provided in subsection (c) of this rule, the appeal may be filed either in the original appeal period, which continues to run, or in the new appeal period. As used in this rule, "appeal period" includes any extension of such period obtained pursuant to Section 66-1 (a). . . .

"(c) (1) If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion, except as provided for additur or remittitur in the next paragraph.

"If a motion for additur or remittitur is filed within the appeal period and granted, a new twenty day appeal period shall begin upon the earlier of (A)

omitted.) *Searles* v. *Schulman*, 58 Conn. App. 373, 376, 753 A.2d 420, cert. denied, 254 Conn. 930, 761 A.2d 755 (2000). "When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 293, 966 A.2d 318 (2009).

The following additional procedural history is relevant to the plaintiff's claim. Here, the plaintiff filed her motion to open on March 29, 2010, more than twenty days after the court rendered its judgment on December 15, 2009 and denied her motion to reargue on February 19, 2010. Accordingly, because the plaintiff's motion to

acceptance of the additur or remittitur or (B) expiration of the time set for the acceptance. If the motion is denied, the new appeal period shall begin on the day that notice of the ruling is given.

"Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment; a new trial; the setting aside of the verdict; judgment notwithstanding the verdict; reargument of the judgment or decision; collateral source reduction; additur; remittitur; or any alteration of the terms of the judgment.

"Motions that do not give rise to a new appeal period include those that seek: clarification or articulation, as opposed to alteration, of the terms of the judgment or decision; a written or transcribed statement of the trial court's decision; or reargument of a motion listed in the previous paragraph.

"If, within the appeal period, any motion is filed, pursuant to Section 63-6 or 63-7, seeking waiver of fees, costs and security or appointment of counsel, a new twenty day appeal period or statutory period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion. If a party files, pursuant to Section 66-6, a motion for review of any such motion, the new appeal period shall begin on the day that notice of the ruling is given on the motion for review. . . ."

open was filed more than twenty days after the court's denial of her motion to reargue; see Practice Book § 63-1 (a) and (c) (1); our review is limited to whether the court abused its discretion in denying the plaintiff's motion to open or set aside the judgment rendered in favor of the defendants.

"The court's denial of the plaintiff's motion to open cannot be held to be an abuse of discretion if it appears that the plaintiff has not been prevented from prosecuting the claim by mistake, accident, or other reasonable cause. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, supra, 113 Conn. App. 294–95.

The plaintiff argues that the court improperly denied her motion to open because she had newly discovered evidence, which constituted good cause to open the judgment. We disagree. "The criteria for a court to open a judgment is analogous to the conditions needed for a petition for a new trial on grounds of newly discovered evidence." (Internal quotation marks omitted.) *McIver* v. *Warden*, 28 Conn. App. 195, 208, 612 A.2d 103, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992). "A petition for a new trial is governed by [General Statutes] § 52-270 (a), which provides in relevant part: The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . . The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, *such that it could not have been discovered earlier by the exercise of due*

*diligence*; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." (Emphasis in original; internal quotation marks omitted.) *Terracino* v. *Fairway Asset Management, Inc.*, 75 Conn. App. 63, 73–74, 815 A.2d 157, cert. denied, 263 Conn. 920, 822 A.2d 245 (2003). "These rules are motivated by the policy that [o]nce a judgment [is] rendered it is to be considered final and it should be left undisturbed by post-trial motions except for a good and compelling reason." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 107, 952 A.2d 1 (2008).

Here, near the end of trial, the plaintiff sought to present evidence that "no ditch and/or water path of any kind was in existe[nce] up until in the late 1990's." In her memorandum of law in support of her motion to open the judgment, the plaintiff stated that the source of this evidence was an affidavit from the daughter of the original owner of the defendants' property and from a conversation with a member of the Stetson family, the family who had installed a drain on her property around 1995. The plaintiff explained that she was delayed in presenting such evidence because "even though [she] could offer the [family member's] information, [she] could not offer this information earlier until she has confirmed the existence of the Stetson family."

First, the court determined that "[t]he original origin of the water in question was not relevant to this court's decision. The court based its decision on the issue of an injunction that there was presently no irreparable harm and that the plaintiff had an adequate remedy at law. It is the present situation existing at the time of trial that is important, not the original origin of some of the water which predated the ownership by the plaintiff and the defendants." We agree that the origin of the alleged "ditch and/or water path" is irrelevant to the

claim for injunctive relief. "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court, and the justiciable interest which entitles one to seek redress in an action for injunctive relief is at least one founded on the *imminence* of substantial and irreparable injury." (Emphasis added; internal quotation marks omitted.) *Karls* v. *Alexandra Realty Corp.*, 179 Conn. 390, 401, 426 A.2d 784 (1980).

Second, the court stated that "if the original origin of the water is evidence that the plaintiff wishes to produce, through due diligence the plaintiff had an opportunity to search the land records and do other investigation to find the people that she would now like to have testify." See *Chapman Lumber, Inc.* v. *Tager*, supra, 288 Conn. 108 (denying motion to open where matters defendant's counsel wished to explore occurred years before trial and were related to proceedings to which defendant had had complete access). The plaintiff's explanation for her delay in presenting the newly discovered evidence is unpersuasive. The plaintiff could have "confirmed the existence" of the Stetson family long before trial. While we recognize that a petition for a new trial is equitable in nature, "[h]e who seeks equity must do equity . . . ." (Internal quotation marks omitted.) *Terracino* v. *Fairway Asset Management, Inc.*, supra, 75 Conn. App. 75. The court concluded that the plaintiff's newly discovered evidence was irrelevant to its denial of injunctive relief, and that such evidence would likely not produce a different result in a new trial. We agree and, therefore, conclude that the court did not abuse its discretion in denying the plaintiff's motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.