******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., dissenting. I respectfully dissent for three reasons. First, all parties and the majority agree that the trial court improperly determined that the motion to open filed by the defendants, 1188 Stratford Avenue, LLC, and Aniello Dizenzo, was untimely. It plainly was timely. In my view, this error is likely to have tainted the court's decision whether to exercise its discretion, at the very least, to grant the defendants a short continuance in order for them to present evidence in support of their motion to open.

Second, it is not clear to me whether the court's statement "and it has no basis," which immediately follows its incorrect statement that the motion to open was untimely, refers to the merits of the motion to open or was intended to mean that the defendants have not alleged a sufficient basis, such as fraud, to open a judgment that is older than four months. See *Tyler E. Lyman, Inc.* v. *Lodrini*, 78 Conn. App. 684, 687, 828 A.2d 681 (courts have intrinsic powers, independent of any statutory authority, to grant motion to open default judgment obtained by fraud, duress or mutual mistake, even if motion to open was filed more than four months after judgment rendered), cert. denied, 266 Conn. 917, 833 A.2d 468 (2003). Although the defendants did not file a motion for articulation in order to resolve this ambiguity, I am unwilling to apply the normal presumption regarding the correctness of a trial court's decision in light of the clear error of the court's determination that the motion was not filed within four months of the date judgment was rendered.

Finally, as the majority recognizes, if a motion to open is filed later than four months after the judgment is rendered, the court lacks authority to adjudicate it in the absence of one of the recognized exceptions such as fraud. Because the court had already concluded that the motion was untimely, albeit incorrectly, it should have proceeded no further in adjudicating the motion. I am unwilling in these circumstances to presume that the court's subsequent exercise of its discretion with respect to either the merits of the motion or the decision whether to grant a short continuance, was not affected by its incorrect view that the motion to open was not filed timely.

In sum, regardless of the ultimate merits of the defendants' motion to open, I am of the view that they are entitled to have that motion adjudicated by a trial court that is not laboring under the misapprehension that the motion was late. I, therefore, respectfully dissent.