******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LARRY ALLEN MOORE *v.* STEVEN G. FERGUSON
## (AC 47481)

Seeley, Westbrook and Wilson, Js.

*Syllabus*

The plaintiff appealed from the judgment of the Superior Court denying his motion to open the judgment dismissing his appeal from a Probate Court decree that determined ownership interests in a decedent's limited liability company. He claimed, inter alia, that the Superior Court improperly dismissed his appeal on the ground that he lacked standing to challenge the Probate Court's decree. *Held*:

This court concluded that, because the plaintiff failed either to appeal the judgment of dismissal or to file his motion to open the judgment within twenty days after the Superior Court dismissed his probate appeal, he could not challenge, on appeal to this court, the merits of the Superior Court's judgment of dismissal, namely, his lack of standing.

The Superior Court did not abuse its discretion in denying the plaintiff's untimely motion to open the judgment, as the court reasonably could have concluded that the plaintiff failed to meet his burden of showing that the judgment of dismissal was obtained by fraud on the court.

The Superior Court did not abuse its discretion in denying the plaintiff's request for an evidentiary hearing on his motion to open the judgment, as the court reasonably could have concluded that there was no basis to hold such a hearing to allow the plaintiff to present testimony regarding his claim that the limited liability company's operating agreement was fraudulent, the operating agreement having had no bearing on the court's decision to dismiss the plaintiff's probate appeal for lack of standing.

Argued March 17–officially released May 27, 2025

*Procedural History*

Appeal from the decree of the Probate Court for the district of Norwalk-Wilton granting the defendant's petition to determine ownership interests in the decedent's limited liability company, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Edward T. Krumeich*, judge trial referee, granted the defendant's motion to dismiss and rendered judgment thereon; thereafter, the court denied

the plaintiff's motion to open the judgment, and the plaintiff appealed to this court. *Affirmed.*

*John T. Irick*, pro hac vice, with whom was *Herbert I. Mendelsohn*, for the appellant (plaintiff).

*Colin B. Connor*, for the appellee (defendant).

*Opinion*

WESTBROOK, J. The plaintiff, Larry Allen Moore, appeals from the trial court's denial of his motion to open the judgment of the Superior Court dismissing his probate appeal for lack of subject matter jurisdiction. He claims that the trial court improperly (1) dismissed his appeal on the ground that he lacked standing to challenge the Probate Court's decree, (2) denied his motion to open the judgment of dismissal on the grounds that his motion was untimely and failed to demonstrate fraud on the court, and (3) denied his request for an evidentiary hearing with respect to his motion to open the judgment.[1] We affirm the judgment of the trial court.

The following facts, as found by the Probate Court, and procedural history are relevant to our resolution of this appeal. This dispute concerns the ownership of 40 Wall Street, LLC (company). After the decedent, Clifton Dewayne Bryant, died, his will was admitted to probate. The will devised his interest in the company to his wife. Thereafter, the defendant, Steven G. Ferguson, who is the decedent's former business partner, petitioned the Probate Court to determine the ownership interests of the company.

The decedent's will provides in relevant part: "I hereby give, devise and bequeath my real property located and known as 107A William Street, Bridgeport,

---

[1] In his principal appellate brief, the plaintiff sets forth four claims. For ease of discussion, we address certain claims raised by him together.

Connecticut, to my cousin [the plaintiff]. . . . I hereby give, devise and bequeath all the rest residue and remainder [of] my worldly possessions, my property, both real and personal of every nature and wheresoever situated, including . . . any and all of my interest in the [company] to my wife, Chelsea Bryant, or if she does not survive me, I give and bequeath the same equally to my daughters, Chloe Bryant and Cailyn Bryant. The business affairs of the [company] shall be managed by [the plaintiff]. The devise bequeathed to Chloe Bryant and Cailyn Bryant if she is a minor, shall be in trust to my hereinafter Trustee . . . ." The decedent, in his will, appointed the plaintiff as executor and as trustee of any trust created by the will.

The Probate Court held an evidentiary hearing on the defendant's petition to determine the ownership interests of the company. It subsequently issued a decree (probate decree) in which it determined that, on the basis of the company's operating agreement dated March 3, 2017 (operating agreement), the defendant and the decedent's estate were equal owners of the company, each holding a 50 percent interest.

Thereafter, the plaintiff, in his individual capacity and proceeding as a self-represented litigant, appealed the Probate Court's ruling to the Superior Court. In his appeal to the Superior Court, the plaintiff claimed that the defendant procured the probate decree by falsification of documents, forgery, and fraud. Specifically, he alleged that the decedent "was a sole member and manager" of the company after "removing [the defendant] in 2016," and that the operating agreement listing the defendant as a member is fraudulent.

In response, the defendant filed a motion to dismiss the plaintiff's probate appeal for lack of subject matter jurisdiction. Specifically, the defendant argued that the plaintiff lacked standing to pursue the appeal because

he had no beneficiary interest in the company that is the subject of the probate decree. As such, the defendant argued, "the plaintiff has not been aggrieved by the Probate Court's determination of the ownership interests [in the company] because the plaintiff has no legally protected interest in the estate's ownership interest in [the company] which could be adversely affected."

The plaintiff filed an objection to the defendant's motion to dismiss, arguing that he "has made substantial financial investments in the real property [located at 40 Wall Street in Norwalk] and that the defendant illegally forged [the decedent's] signature on the operating agreement." The plaintiff also submitted his own affidavit in which he averred, inter alia, that the defendant "is using his access to [the decedent's] financial information he received as [an employee of the bank] . . . as well as one of [the decedent's] former business associates in his effort to steal an ownership interest in [the company]." The plaintiff additionally alleged that he has operated a barbershop business from the company's property for fifteen years and has invested "finances, energy, time and efforts" into the company. Therefore, the plaintiff argued, he is aggrieved by the probate decree determining that the defendant owns 50 percent of the company.

On May 1, 2023, the court, *Hon. Edward T. Krumeich*, judge trial referee, conducted a hearing on the defendant's motion to dismiss. At the hearing, the plaintiff's counsel[2] stated: "I would agree with [the defendant's] counsel's argument that [the plaintiff] would not have any interest [in the company] under the facts that are currently being presented by the court." Rather, the plaintiff's counsel argued that the plaintiff had filed

---

[2] Attorney Andre Cayo filed a limited appearance for the purpose of, inter alia, representing the plaintiff at the hearing on the defendant's motion to dismiss.

with the Probate Court a motion to open and vacate the admission of the decedent's will and that the court in the present matter should stay the proceedings on the motion to dismiss pending resolution of his motion in the Probate Court. In response, the court stated: "[T]he other approach could very well be to dismiss this appeal, and if he succeeds . . . or if he fails in the Probate Court, then you appeal from that decree. In this matter . . . the court is limited to the decree appealed from."

Later that same day, the court issued an order granting the defendant's motion to dismiss and rendered a judgment of dismissal of the plaintiff's probate appeal. The court's order provided: "The plaintiff lacks standing to appeal the decree that recognized the decedent's [wife's] interest in [50] percent . . . of the subject limited liability company pursuant to the bequest in the will admitted to probate."

More than seven months later, on December 13, 2023, the plaintiff filed a motion to open the judgment, stating: "I, [the plaintiff] in my capacity as trustee for the estate of [the decedent] hereby move that this court open the judgment entered in this case on May 1, 2023." The plaintiff, in his motion, made the following allegations of fraud: (1) the defendant and his attorney presented a fraudulent operating agreement to the Probate Court to induce a determination that the defendant owns 50 percent of the company, (2) the operating agreement was filed with the town clerk after the decedent died, (3) the decedent's signature on the operating agreement does not match his signature on mortgage loan documents, (4) the town clerk told the plaintiff that he believed that the operating agreement is fraudulent, and (5) the defendant's coworker notarized the operating agreement.

The defendant filed an objection to the plaintiff's motion, arguing that the plaintiff's motion was untimely

because it was filed more than four months after the court rendered the judgment of dismissal. The plaintiff subsequently filed a reply and an additional reply to the defendant's objection, arguing that the court should open the judgment because, although his motion was untimely, the defendant and the defendant's counsel committed fraud on the Probate Court by falsifying the operating agreement. The plaintiff also filed a request for argument on his motion to open the judgment.

The court held a hearing on the plaintiff's motion to open the judgment. At the hearing, the plaintiff argued that the four month rule set forth in General Statutes § 52-212a[3] and Practice Book § 17-43[4] should not apply to him because the defendant had committed fraud. Specifically, the plaintiff alleged that the decedent did not have the mental capacity to sign the operating agreement, and that Richard McQuaid, the town clerk, told him that the operating agreement was fraudulent. The plaintiff thereafter requested that the court grant him an additional hearing to subpoena the town clerk, the decedent's doctor, and the defendant. The defendant's counsel countered that, even if everything the plaintiff said was true, there was no fraud on the trial court with respect to the standing issue and, therefore, the

---

[3] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which the notice of judgment or decree was sent. . . ."

[4] Practice Book § 17-43 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket . . . upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

four month rule applies. The court took the matter under advisement.

Later that same day, the court issued an order denying the plaintiff's motion to open the judgment. In its order, the court stated: "This motion was made more than four months after entry of judgment and is untimely. See Practice Book § 17-4 and General Statutes § 52-212a. The movant has not demonstrated his standing to appeal the probate decree or that the court was defrauded when it granted the motion to dismiss for lack of standing." This appeal followed.

I

The plaintiff first claims that the court improperly granted the defendant's motion to dismiss on the ground that he lacked standing to appeal from the probate decree.[5] The defendant, in opposition, argues that the plaintiff cannot challenge the merits of the court's decision to dismiss his probate appeal because he failed to appeal from the judgment of dismissal or to file a motion to open the judgment within twenty days. We agree with the defendant.

"The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by

---

[5] The plaintiff asserts a variety of arguments to support this claim including, inter alia, that (1) he is an aggrieved party because he is a beneficiary of the decedent's estate, and a trustee and fiduciary of the company, and (2) the court improperly limited the scope of his appeal from the decree of the Probate Court, failed to provide him with a trial de novo as to the ownership interests in the company, and considered the decedent's wife's beneficiary interest in the company. In light of our conclusion that the plaintiff cannot challenge the merits of the court's decision to dismiss his probate appeal, we do not reach these arguments.

Practice Book § 63-1].[6] . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused [its] discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Footnote in original; internal quotation marks omitted.) *Searles* v. *Schulman*, 58 Conn. App. 373, 376, 753 A.2d 420, cert. denied, 254 Conn. 930, 761 A.2d 755 (2000). "This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn. App. 154, 159, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012).

In the present case, the court rendered a judgment of dismissal on May 1, 2023, and the plaintiff filed the motion to open the judgment on December 13, 2023, more than seven months later. Because the plaintiff failed either to appeal the judgment of dismissal or to file his motion to open the judgment within twenty days after the court dismissed his probate appeal, he cannot challenge the merits of the court's judgment of dismissal on appeal to this court. See *Searles* v. *Schulman*, supra, 58 Conn. App. 376 ("plaintiff is not able to attack the trial court's decision dismissing her complaint because she failed to file an appeal within twenty days after her complaint was dismissed . . . and the motion to open the judgment was also not filed within the twenty day period"); *Charbonneau* v. *Charbonneau*, 51 Conn. App. 311, 312, 721 A.2d 565 (1998) (precluding party from appealing merits of case because neither motion to open nor appeal from underlying judgment was filed within

---

[6] "Practice Book § 63-1 (a) provides in relevant part that 'an appeal must be filed within twenty days of the date notice of the judgment . . . is given. . . .' " *Searles* v. *Schulman*, 58 Conn. App. 373, 376 n.8, 753 A.2d 420, cert. denied, 254 Conn. 930, 761 A.2d 755 (2000).

twenty day appeal period), cert. denied, 247 Conn. 964, 724 A.2d 1125 (1999). Thus, the only issue properly before us is whether the court abused its discretion in denying the plaintiff's motion to open the judgment. See *Searles* v. *Schulman*, supra, 376.

II

We now turn to the issue of whether the court abused its discretion in denying the plaintiff's motion to open the judgment on the grounds that his motion was untimely and that he failed to demonstrate fraud on the court. The plaintiff does not dispute that his motion was untimely pursuant to § 52-212a and Practice Book § 17-43. Rather, he argues that the timeliness rule does not apply to him because the defendant committed fraud. We are not persuaded.

Section 52-212a and Practice Book § 17-43 provide that a party must file a motion to open the judgment within four months following the date on which notice of the judgment was sent. "[T]o prevail on a motion to open filed outside [the four month] window, a movant must establish that *the judgment* was obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment . . . ." (Emphasis added; internal quotation marks omitted.) *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, 348 Conn. 796, 805, 312 A.3d 16 (2024). A party that files an untimely motion to open based on fraud must show that fraudulent conduct induced the court to render the underlying judgment. See *Hebrand* v. *Hebrand*, 216 Conn. App. 210, 221, 284 A.3d 702 (2022).

"Our review of a court's denial of a motion to open [based on fraud] is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or . . . deny a motion to open a judgment. . . . In an appeal from a denial of a motion to

open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Tyler E. Lyman, Inc.* v. *Lodrini*, 78 Conn. App. 684, 687, 828 A.2d 681, cert. denied, 266 Conn. 917, 833 A.2d 468 (2003). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Karen* v. *Loftus*, 228 Conn. App. 163, 193, 324 A.3d 793, cert. denied, 350 Conn. 924, 325 A.3d 1094 (2024).

In the present case, the plaintiff has alleged, both in his motion to open and on appeal, that the defendant engaged in fraudulent conduct by falsifying the operating agreement and that such fraud induced the Probate Court to conclude that the defendant and the decedent's estate own equal shares of the company. The plaintiff has failed, however, to allege facts sufficient to demonstrate that the alleged fraud was committed on the *trial court* to induce its determination that the plaintiff, in his individual capacity, lacks *standing*. The court determined that the plaintiff, in his individual capacity, lacks standing to appeal from the probate decree concerning the company because he has no ownership interest or beneficiary interest in the company. Even if the plaintiff's allegations of fraud on the Probate Court were true and the decedent's estate, therefore, owned 100 percent of the company, this fact would not lead to the conclusion that the plaintiff, *in his individual capacity*, had an ownership interest or a beneficiary interest in the company. Accordingly, even if we assume the truth of the plaintiff's allegations as set forth in his motion to open, the plaintiff has failed to allege facts sufficient to demonstrate that the alleged fraud impacted the court's judgment.

The court reasonably concluded that the plaintiff failed to meet his burden of showing that the judgment of dismissal was obtained by fraud on the trial court. Thus, we conclude that the court did not abuse its discretion in denying the plaintiff's motion to open the judgment.

### III

The plaintiff next claims that the court improperly denied his request for an evidentiary hearing with respect to his motion to open the judgment. In particular, he argues that the court's denial of the motion to open without an evidentiary hearing deprived him of an opportunity to prove that the defendant committed fraud by falsifying the operating agreement. We disagree.

"When a court's exercise of discretion [in deciding a motion to open] depends on disputed factual issues, such as the existence of fraud, due process requires an evidentiary hearing." (Internal quotation marks omitted.) *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 78 Conn. App. 687. A party is not entitled to an evidentiary hearing, however, when the allegations in the motion to open itself are "insufficient to constitute the necessary threshold showing" that grounds for opening the underlying judgment exist. (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Tarzia*, 186 Conn. App. 800, 809, 201 A.3d 511 (2019). The issue before us, therefore, is "whether the court abused its discretion in refusing to open the judgment without holding an evidentiary hearing on the factual question raised" by the plaintiff, namely, whether the defendant falsified the operating agreement to procure the probate decree. *Tyler E. Lyman, Inc.* v. *Lodrini*, supra, 688.

In the present case, we conclude that the court did not abuse its discretion in denying the plaintiff's request for an evidentiary hearing. The plaintiff requested, and

the court granted, oral argument on the motion to open the judgment. During oral argument, the plaintiff requested an *additional* hearing to present testimony from the town clerk and the defendant concerning whether the defendant forged the company's operating agreement and from the decedent's doctor concerning the decedent's mental capacity at the time the operating agreement was signed. The court reasonably could have concluded that the resolution of the motion to open did not depend on the validity of the operating agreement and, therefore, there was no basis to hold an evidentiary hearing. As we discussed in part II of this opinion, even if the plaintiff proved that the operating agreement was fraudulent, the operating agreement had no bearing on the court's decision to dismiss the plaintiff's probate appeal for lack of standing. See *Conroy* v. *Idlibi*, 343 Conn. 201, 207–208, 272 A.3d 1121 (2022) (trial court reasonably concluded that "additional evidence . . . was unlikely to have altered the [court's judgment]"); *Wells Fargo Bank, N.A.* v. *Tarzia*, supra, 186 Conn. App. 809 (trial court did not abuse its discretion in denying motion to open without evidentiary hearing because "the information included in the motion . . . itself was insufficient to constitute the necessary 'threshold showing' to entitle him to one"). Accordingly, we conclude that the court did not abuse its discretion in denying the plaintiff's request for an evidentiary hearing on his motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.