******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WELLS FARGO BANK, N.A. *v.* MARLENE E.
OWEN ET AL.
(AC 38239)

Lavine, Prescott and Flynn, Js.

*Argued March 21—officially released June 20, 2017*

(Appeal from Superior Court, judicial district of New
London, Cosgrove, J.)

*Kenneth A. Leary*, for the appellants (named defen-
dant et al.).

*Jonathan A. Adamec*, with whom, on the brief, was
*Christopher S. Groleau*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The defendants Marlene E. Owen and William S. Owen[1] appeal from the denial of their motion to open the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Wells Fargo Bank, N.A. The defendants claim that the court abused its discretion in denying their motion because they showed good cause to warrant opening the judgment pursuant to General Statutes § 49-15. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendants' claim. On April 23, 2013, the plaintiff, as trustee for the holders of the Merrill Lynch Mortgage Investors Trust, served a complaint on the defendants, a married couple, seeking to foreclose on their property at 22–24 Bayberry Hill Road in Norwich.[2] The defendants, self-represented, entered their appearances but never filed an answer or any special defenses to the plaintiff's complaint. For more than one year, from May 14, 2013, to June 3, 2014, the parties engaged in at least six mediation sessions to resolve the case but were ultimately unsuccessful. None of the mediator reports stated that the defendants claimed that the loan application contained inaccurate information regarding Marlene Owen's income or that the plaintiff's predecessor in interest, WMC Mortgage Corporation, misled the defendants when they applied for and executed the mortgage.[3] Instead, the defendants sought to modify the loan because "[t]he mortgagor was laid off from his job."

On March 20, 2015, approximately nine months after the mediation period ended, the plaintiff filed a motion to default the defendants for failure to plead, which was granted on April 1, 2015. On April 1, 2015, the plaintiff filed a motion for a judgment of strict foreclosure. On April 13, 2015, counsel for the defendants entered his appearance but failed to file an answer or any special defenses to the plaintiff's complaint or to contest the entry of the default in any way. See Practice Book §§ 10-46 and 10-50. The defendants also failed to file a motion for a continuance to obtain additional time to collect evidence to support a claim of fraud. On May 18, 2015, the court heard the plaintiff's motion for a judgment of strict foreclosure, but neither the defendants nor counsel for the defendants appeared at the hearing to contest the motion or to ask for a continuance. The court granted the plaintiff's unopposed motion for a judgment of strict foreclosure and set the law days to begin July 21, 2015.

On July 8, 2015, the defendants filed a motion to open the judgment of strict foreclosure pursuant to § 49-15.[4] In the motion, they requested oral argument but specifically indicated that "testimony is not required." The court heard oral argument on the motion during a short

calendar hearing on July 20, 2015.[5] The defendants asserted that they had good cause to open the judgment because they had proof that an agent of the plaintiff's predecessor in interest knowingly misled them into applying for and executing the mortgage by assuring them that they could afford the mortgage. They also claimed that the plaintiff's predecessor in interest altered the income information on the loan application without the defendants' knowledge. The evidence the defendants submitted in support of their argument included a sworn affidavit from William Owen, who attested that he had applied for and executed the mortgage "based on false representations . . . by [the] [p]laintiff's predecessor's agent that [he] could afford the mortgage in question" and that Marlene Owen's "income was fraudulently put down by [the] [p]laintiff's predecessor's said agent as $5000 per month without [her] knowledge or [his], when it was in fact $2100 per month." They also provided a copy of Marlene Owen's 2004 tax returns and the loan application, which showed that the income listed in the tax returns did not match the income listed in the loan application. Thus, they argued that they should be given an opportunity to assert the special defenses of unclean hands and fraud in the inducement in the foreclosure action.

The plaintiff argued that the defendants failed to show good cause to open the judgment of strict foreclosure. Contrary to the defendants' assertion, the plaintiff contended that if any party was defrauded or misled, it was the plaintiff because it unknowingly relied on the loan application that contained incorrect information. It also argued that the defendants could not claim that their income was altered without their knowledge because they had an opportunity to review the loan application and correct any inaccurate information before they had signed it.

The same day, the court denied the defendants' motion to open the judgment of strict foreclosure.[6] The defendants filed a motion for articulation, and the court granted the motion and referred the parties to the transcript of the July 20, 2015 hearing. The defendants filed another motion for articulation, which the court denied. The defendants appealed to this court on August 7, 2015. Thereafter, the defendants never sought an articulation in accordance with Practice Book § 66-5.

On appeal, the defendants claim that the court abused its discretion in denying their motion to open the judgment of strict foreclosure. They argue that, pursuant to § 49-15, they showed good cause to open the judgment by providing proof that the plaintiff engaged in fraud. They contend that they did not assert their defenses prior to the court's rendering its decision on the plaintiff's motion for a judgment of strict foreclosure because they were not aware of any relevant defenses to foreclosure until after they had hired an attorney,

and, thus, "[i]t would be unjust to bar their defenses under these circumstances . . . ." We disagree.[7]

"Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Ruggiri*, 164 Conn. App. 479, 484, 137 A.3d 878 (2016).

In the present case, there is no dispute that the defendants did not file their motion to open within twenty days of the court's rendering the judgment of strict foreclosure. Therefore, we will review the defendants' claim under an abuse of discretion standard and will not address the merits of the judgment of strict foreclosure.

"This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 761, 966 A.2d 239 (2009).

"When a party seeks to open and vacate a judgment based on new evidence allegedly showing the judgment is tainted by fraud, he must show, inter alia, that he was diligent during trial in trying to discover and expose the fraud, and that there is *clear proof of that fraud*." (Emphasis added.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 107, 952 A.2d 1 (2008). "Some evidence suggesting actual wrongdoing . . . and not merely the specter of such, is necessary in order to set aside a final adjudication." *Bank of America, N.A.* v. *Thomas*, 151 Conn. App. 790, 806 n.7, 96 A.3d 624, 634 (2014).

We conclude that the court did not abuse its discretion in denying the defendants' motion to open the judgment of strict foreclosure because it reasonably could have decided that the defendants did not meet their burden of showing clear proof that the plaintiff engaged in fraud. The affidavit submitted by the defendants was made by William Owen himself, and con-

tained only bare allegations that the plaintiff's predecessor fraudulently induced the defendants into applying for and executing the mortgage. The supporting documents gave no indication that the plaintiff altered the loan application without the defendants' knowledge or engaged in any other fraudulent activity. The tax return and the loan application listed two different incomes, but it was the responsibility of the defendants to review the loan application to ensure its accuracy before they signed it, and the court reasonably could have found that the discrepancy was not the product of fraudulent behavior. See *Ocwen Federal Bank, FSB* v. *Thacker*, 73 Conn. App. 616, 618–19, 810 A.2d 279 (2002) (no abuse of discretion when only evidence in support of opening judgment was defendant's unsubstantiated claim in affidavit).

Additionally, "[t]he denial of such relief to a party who has suffered a default judgment by his failure to defend properly should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's own negligence." (Internal quotation marks omitted.) *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corp.*, 181 Conn. 141, 143–44, 434 A.2d 341 (1980). The fact that the defendants sat on their equitable rights and waited to assert their defenses until after the court rendered the judgment of strict foreclosure further supports our conclusion that the court did not abuse its discretion. See *Countrywide Home Loans Servicing L.P.* v. *Peterson*, 171 Conn. App. 842, 850, A.3d (2017) (no abuse of discretion because "the defendant waited until after the judgment of strict foreclosure had been rendered and the law days were about to run to challenge the finding of debt on the basis of the existence of private mortgage insurance"); *Connecticut National Bank* v. *N. E. Owen II, Inc.*, 22 Conn. App. 468, 475, 578 A.2d 655 (1990) (The trial court did not abuse its discretion because "[t]he defendants never asserted a defense with regard to the debt prior to the rendering of the judgment of strict foreclosure. Therefore, any claim that they had a good defense to open that judgment and challenge the amount of the debt is equally without merit.").

The defendants attempt to justify their delay in asserting their defenses by arguing that they were unaware of any defenses available to them until they obtained counsel. "[A]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Lewis* v. *Bowden*, 166 Conn. App. 400, 403, 141 A.3d 998 (2016). The defendants' failure to assert their defenses because they were not represented by counsel is not a persuasive justification for failing to timely plead as required by court rules.

In any event, the defendants were represented by

counsel on April 13, 2015, which was more than one month before the court rendered the judgment of strict foreclosure on May 18, 2015. Not only did the defendants' counsel fail to respond to the plaintiff's complaint or assert any defenses prior to May 18, 2015, neither the defendants nor their counsel appeared at the hearing on the motion for a judgment of strict foreclosure to request a continuance in order to gather evidence to support their defenses. It is also notable that in the defendants' motion to open the judgment of strict foreclosure, the defendants' counsel only requested oral argument and specifically indicated that testimony was not required. See *USA Bank* v. *Schulz*, 143 Conn. App. 412, 419, 70 A.3d 164 (2013) ("the defendant has no basis for claiming an abuse of discretion by the trial court in denying him relief that he could readily have sought, had he wished to, at a time when he was represented by competent counsel"). Perhaps another judge might have ordered an evidentiary hearing under the circumstances; however, we are unwilling to conclude that the failure to do so was an abuse of discretion.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion PRESCOTT, J., concurred.

[1] Mortgage Electronic Registration Systems, Inc., also was named as a defendant but is not a party to this appeal. We therefore refer in this opinion to the Owens as the defendants.

[2] According to the plaintiff's complaint, the defendants, "to secure [the] note, mortgaged to Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp., the premises known as 22 Bayberry Hill Road a/k/a 22–24 Bayberry Hill Road, Norwich," and that WMC Mortgage Corporation later assigned the mortgage to the plaintiff.

[3] The mediator's final report stated that the reason why the issue was not resolved was because the "[d]efendants [do] not qualify for any retention options due to insufficient income. The court granted one more mediation session, which was held on [June 2, 2014]. [The] defendants recently submitted an application [for assistance] to [the Connecticut Housing Finance Authority pursuant to the Emergency Mortgage Assistance Program, General Statutes § 8-265cc et seq.]."

[4] General Statutes § 49-15 (a) (1) provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment *and for cause shown*, be opened and modified, nothwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subsection (2) of this subsection." (Emphasis added.)

[5] Before the court heard the merits of the defendants' claim, it ordered that the motion be sealed because their counsel failed to redact the defendants' personal and identifying information.

[6] The court initially ruled that it would extend the law days and reserve its decision on whether it was going to grant or deny the motion after reviewing the evidence. The plaintiff pointed out, however, and the court agreed, that the court was precluded from doing so because, procedurally, it was required to grant the motion before it could extend the law days. Thus, the court was forced to make a decision on the motion that day, as the law day were set to begin the following day, July 21, 2015.

[7] "The denial of a motion to open a judgment of strict foreclosure is an appealable final judgment itself and distinctly appealable from the underlying judgment." *Connecticut National Mortgage Co.* v. *Knudsen*, 323 Conn. 684, 687 n.8, 150 A.3d 675 (2016).