******************************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

# WELLS FARGO BANK, N.A., TRUSTEE *v.* JOSEPH S. TARZIA ET AL.
## (AC 40229)

Keller, Elgo and Sullivan, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property of the defendant T. The trial court granted the plaintiff's motion for summary judgment as to liability and, thereafter, rendered judgment of strict foreclosure. Subsequently, the trial court denied T's motion to open and vacate the judgment on the basis of fraud, and T appealed to this court. *Held:*

1. The trial court did not abuse its discretion in denying T's motion to open and vacate the judgment of strict foreclosure or in failing to schedule a hearing on the motion to open and vacate: there was no indication in the record that T actually requested oral argument or an evidentiary hearing during the proceedings before the court, the record demonstrated that the court did, in fact, hold hearings on other motions for which T made requests and provided T's counsel with an opportunity to make arguments on those other motions, and even if T was denied an evidentiary hearing after requesting one, the information included in the motion itself was insufficient to constitute the necessary threshold showing to entitle him to one; moreover, to warrant opening and vacating the judgment based on new evidence of fraud, a party must demonstrate that it was diligent during trial in trying to discover and expose the fraud, and that there is clear proof of that fraud, and T did not make the requisite showing to warrant an opening of the judgment.

2. This court declined to reach the merits of T's claim that the trial court erred in concluding that the plaintiff possessed the note when it filed this foreclosure action; that claim was squarely before this court in a prior appeal involving the parties in this matter and was resolved on the merits in the plaintiff's favor, and under the doctrine of res judicata, T could not have the opportunity to relitigate the matter in this appeal.

3. T's claim that his due process right was violated by the trial court's failure to view his case in its entirety, as mandated by the mosaic rule, was not reviewable, T having failed to brief the claim adequately, as his brief was devoid of any cognizable legal analysis in support of his claim as to how the mosaic rule, which is unique to dissolution cases, was applicable to the facts of his case.

Argued October 15, 2018—officially released January 1, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property of the named defendant and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Mintz, J.*, granted the plaintiff's motion for summary judgment as to liability; thereafter, the court rendered judgment of strict foreclosure; subsequently, the court, *Hon. Kevin Tierney*, judge trial referee, denied the named defendant's motion to open and vacate the judgment, and the named defendant appealed to this court. *Affirmed.*

*Joseph S. Tarzia*, self-represented, the appellant (named defendant).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

KELLER, J. This is the third appeal in this foreclosure action to reach this court in the nearly ten years this matter has been litigated. The named defendant Joseph S. Tarzia[1] appeals from the trial court's denial of his motion to open and vacate the court's judgment of strict foreclosure. Although the self-represented[2] defendant's appellate brief is not a model of clarity, we construe his claims to be that the court (1) erred by denying his motion to open and vacate based on new evidence of fraud, (2) erred by concluding that the plaintiff possessed the note when it filed this foreclosure action, and (3) violated his right to due process by failing to view his case in its entirety as mandated by the mosaic rule. We disagree.

The following relevant facts and procedural history inform our review. On or about June 22, 2007, the defendant executed a note for a loan in the amount of $1,334,000. As security for payment of the note, he executed a mortgage on his property at 138 North Lake Drive in Stamford. On or about February 18, 2009, the plaintiff, Wells Fargo Bank, N.A., as trustee for the certificateholders of Structured Asset Mortgage Investments II, Inc., Structured Asset Mortgage Investments II Trust 2007-AR4, Mortgage Pass-Through Certificates, Series 2007-AR-4, initiated this foreclosure action alleging that the note was in default. In its complaint, the plaintiff indicated that it had elected to accelerate the balance due on the note, declared the note to be due in full, and sought to foreclose on the mortgage securing the note. On May 7, 2012, after extensive litigation, the trial court granted the plaintiff's motion for summary judgment as to liability and subsequently rendered a judgment of strict foreclosure on May 28, 2013. The defendant appealed from that judgment, and, on June 3, 2014, this court affirmed the trial court's judgment of strict foreclosure. See *Wells Fargo Bank, N.A.* v. *Tarzia*, 150 Conn. App. 660, 667, 92 A.3d 983, cert. denied, 314 Conn. 905, 99 A.3d 635 (2014).

On September 24, 2015, the plaintiff filed a motion to reset the law day. Although the defendant did not object to that specific motion, on March 16, 2016, he filed a motion to vacate the judgment and dismiss the action based on various challenges to the plaintiff's standing, to which the plaintiff objected. On January 9, 2017, the trial court ultimately denied the defendant's motion to vacate and dismiss. The defendant filed a motion to reargue on January 27, 2017, which the court denied on February 16, 2017. On February 14, 2017, the court granted the plaintiff's September 24, 2015 motion to reset the law day, setting it to March 14, 2017.

On February 15, 2017, the plaintiff filed a motion to terminate any prospective appellate stay should the defendant decide to appeal. On February 24, 2017, the

defendant timely appealed to this court from the trial court's denial of his motion to vacate and dismiss. On February 27, 2017, three days after the defendant filed that appeal, the trial court granted the plaintiff's motion to terminate the appellate stay. On March 6, 2017, the defendant filed in this court a motion for an emergency stay of execution and a motion for review of the trial court's order terminating the appellate stay. Additionally, on March 9, 2017, the defendant filed a motion in the trial court requesting reargument on the court's order terminating the appellate stay and a new motion to open and vacate the judgment based on allegations of fraud.

On March 10, 2017, this court denied the defendant's motion for an emergency stay of execution of judgment. This court granted review with respect to the defendant's motion for review of the trial court's order granting the termination of the appellate stay but denied the relief requested therein. Thereafter, on March 13, 2017, the trial court granted the defendant's motion to reargue the court's order terminating the appellate stay but refused to reimpose a stay. On the same day, the trial court denied the defendant's motion to open and vacate the judgment based on fraud. That denial is the subject of this appeal.[3] Additional facts will be set forth as necessary.

I

Turning to the defendant's first claim on appeal, he argues that the court erred by not granting his motion to open and vacate based on new evidence of fraud. He also argues that the court erred by not giving him "a proper hearing of his motion" and "failed to consider brand new evidence." We disagree.[4]

We briefly set forth additional facts necessary for this claim. On March 9, 2017, the defendant filed his motion to open and vacate based on allegations of fraud. Therein, he appeared to set forth allegations of fraud resulting from defective releases of prior mortgages from other lenders. In particular, he appeared to claim that the loan, which is the subject of this action, was not effective because a prior mortgage was not paid off due to an alleged fraudulent release.[5] He argued that a new book was released that "tipped him off" to these alleged instances of fraud. At the conclusion of his motion, his sole request was for the court to open and vacate the judgment of strict foreclosure. On March 13, 2017, the court denied his motion.

"Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying

judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Ruggiri*, 164 Conn. App. 479, 484, 137 A.3d 878 (2016).

In the present case, it is clear that the defendant's motion to open was filed well beyond the twenty day appeal period from when the trial court rendered the judgment of strict foreclosure. The defendant already has appealed from the underlying judgment of strict foreclosure, and this court affirmed the trial court's decision. See *Wells Fargo Bank, N.A.* v. *Tarzia*, supra, 150 Conn. App. 667. Therefore, we will review the defendant's claim under an abuse of discretion standard and will not address the merits of the judgment of strict foreclosure.

"In determining whether the trial court abused its discretion [in denying a motion to open], this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990); see also *Flater* v. *Grace*, 291 Conn. 410, 419, 969 A.2d 157 (2009).

"When a party seeks to open and vacate a judgment based on new evidence allegedly showing the judgment is tainted by fraud, he must show, inter alia, that he was diligent during trial in trying to discover and expose the fraud, and that there is *clear proof of that fraud*." (Emphasis in original.) *Wells Fargo Bank, N.A.* v. *Owen*, 174 Conn. App. 102, 108–109, 165 A.3d 275, cert. granted, 327 Conn. 955, 171 A.3d 1051 (2017) (appeal withdrawn July 24, 2018), citing *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 107, 952 A.2d 1 (2008). "Some evidence suggesting actual wrongdoing . . . and not merely the specter of such, is necessary in order to set aside a final adjudication." (Internal quotation marks omitted.) Id., 108. To be entitled to an evidentiary hearing, the defendant is required to "make some threshold showing that his claims had substance . . . ." *Chapman Lumber, Inc.* v. *Tager*, supra, 108; see *Bruno* v. *Bruno*, 146 Conn. App. 214, 231, 76 A.3d 725 (2013) ("[i]f the moving party demonstrates to the court that there is probable cause to believe that the judgment was obtained by fraud, the court may permit discovery").

We first address the defendant's argument that the trial court erred by not giving him "a proper hearing of his motion" and "failed to consider brand new evi-

dence." Although the defendant argues that he was denied a proper hearing, we have found no indication in the record before us that the defendant actually requested one. In the defendant's motion, he simply entreated the court to open and vacate the judgment of strict foreclosure for the reasons he provided therein. Absent from the record is a request that he be given an evidentiary hearing or oral argument on it.[6] The record demonstrates that the court did in fact hold hearings on the motions for which the defendant made requests. For example, the defendant filed a motion for an immediate hearing to reset the law day, following which the court held a hearing. Additionally, the court provided the defendant's counsel with an opportunity to make arguments as to why reargument was warranted with respect to the court's order granting the plaintiff's motion to terminate the appellate stay.

There is also no indication in the record presented for review that the defendant requested oral argument or an evidentiary hearing during any proceeding before the court. The only relevant transcript provided to us specific to the motion to open, which was included in the plaintiff's appendix, appears to be from a hearing to determine whether reargument was proper on the court's decision to terminate the appellate stay.[7] Although the court acknowledged at that hearing some of the other motions before it and ultimately denied the defendant's March 9, 2017 motion to open and vacate, there is no indication that an evidentiary hearing or oral argument was, in fact, requested by the defendant on that particular motion.[8] The transcript shows that the court recognized that Attorney Andre Cayo, who was retained by the defendant to represent him with respect to the motion to open and vacate, had filed a limited appearance form with the court to represent the defendant on that motion. However, the defendant has not directed us to any place in the record where either he or his attorney requested, and were denied, an evidentiary hearing or oral argument on the motion. After the court denied the motion to open during the proceedings on March 13, Cayo never objected to that decision (or asked to be heard on the motion). The transcript shows that the court was more than willing to allow the defendant, in his individual capacity, an opportunity to address the court that day, but he failed to return to the courtroom after a brief recess.[9] On the basis of our review, we do not conclude that the trial court abused its discretion in failing to schedule a hearing on the defendant's motion to open and vacate when he failed to request one in the first place. Additionally, even if we were to assume arguendo that the defendant was denied an evidentiary hearing after requesting one, the information included in the motion to open and vacate the judgment itself was insufficient to constitute the necessary "threshold showing" to entitle him to one. See *Chapman Lumber, Inc.* v. *Tager*, supra,

288 Conn. 108 ("party seeking relief must demonstrate, *before being allowed to present his case*, that he has a substantial case to present" [emphasis in original; internal quotation marks omitted]).

We further conclude that the court did not abuse its discretion in denying the motion to open and vacate. As we previously noted, to warrant opening and vacating the judgment based on new evidence of fraud, a party must demonstrate that it was "diligent during trial in trying to discover and expose the fraud, and that there is clear proof of that fraud." Id., 107. It is apparent from the record that the defendant did not make the requisite showing to warrant an opening of the judgment.

Just as the defendant's appellate brief was not a model of clarity, nor was his motion to open and vacate judgment. From what we can discern, the defendant's motion sets forth allegations of fraud due to defective releases of mortgages from prior lenders. He appears to argue that the loan, which is the subject of this action, was not effective because a prior mortgage was not paid off due to an alleged fraudulent release. He argued that a new book about the Federal Reserve was released that "tipped him off" to these alleged instances of fraud. The defendant indicated that he found (presumably after reading this "new book") that "the loans on his property already went toxic in 2002 and 2004 . . . with a fraudulent loan release dated October 13, 2004. . . ." However, his arguments are couched in a conclusory manner and are difficult to follow. He appended to his motion copies of certain releases of mortgages from 2004, but it is unclear how those releases demonstrate that a fraud occurred. While the defendant provided a gallimaufry of legal citations in his motion, none appear apposite to his arguments. He also points to no efforts by any prior lender attempting to enforce the purportedly defectively released earlier loan. For the foregoing reasons, we conclude that the court was well within its discretion in denying the defendant's motion to open and vacate.

II

The defendant next argues that the trial court erred by concluding that the plaintiff possessed the note when it filed this foreclosure action. He thus argues that the plaintiff did not have standing to commence this present action. The plaintiff, however, asserts that this court previously has addressed this claim in the defendant's prior appeal. We agree with the plaintiff and decline to reach the merits of this claim.

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the

claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . Furthermore, [t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. . . . The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Citations omitted; internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, 50 Conn. App. 680, 685–86, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998).

"The transactional test measures the preclusive effect of a prior judgment, which includes any claims relating to the cause of action that were actually made or might have been made. . . . A cause of action for the purpose of the transactional test is the group of facts which is claimed to have brought about an unlawful injury to the plaintiff. . . . It is well settled that [a] judgment may be final in a res judicata sense as to a part of an action although litigation continues as to the rest. . . . Thus, res judicata may operate to preclude a claim decided in a previous proceeding within the same case. . . . [F]or purposes of res judicata, a judgment will ordinarily be considered final if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication." (Citations omitted; internal quotation marks omitted.) *Honan* v. *Dimyan*, 63 Conn. App. 702, 707–708, 778 A.2d 989, cert. denied, 258 Conn. 942, 786 A.2d 430 (2001).

The defendant's claim that the plaintiff did not possess the note at the time it filed this foreclosure action was squarely before this court in the parties' initial appeal. See *Wells Fargo Bank, N.A.* v. *Tarzia*, supra, 150 Conn. App. 665. This court resolved the issue on its merits in the plaintiff's favor. We concluded that "the plaintiff pleaded that it is the holder of the note upon which the defendant defaulted and the plaintiff foreclosed, and it submitted to the court an affidavit that included and incorporated by reference copies of the note, mortgage and assignment of the mortgage. The plaintiff, therefore, established its prima facie case.

The defendant did not attempt to rebut the plaintiff's status as a holder of the note and mortgage; indeed, he did not file any opposition to the plaintiff's motion for summary judgment. Accordingly, the plaintiff was entitled to avail itself of the rebuttable presumption established in *RMS Residential Properties*, *LLC* [v. *Miller*, 303 Conn. 224, 32 A.3d 307 (2011), overruled in part by *J.E. Robert Co.* v. *Signature Properties*, *LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013)]." Id.

In light of the foregoing, we decline to allow the defendant the opportunity to relitigate the matter in this appeal. See, e.g., *Brochard* v. *Brochard*, 185 Conn. App. 204, 231,     A.3d     (2018) (due to application of res judicata doctrine, appellant barred from relitigating same claim decided on its merits in prior appeal) (collecting cases).

### III

In the defendant's final claim, he asserts that the court violated his right to due process by failing to view his case in its entirety as mandated by the mosaic rule. Because this claim is inadequately briefed, we decline to afford it review.

"Although we are solicitous of the rights of [self-represented] litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . As this court has observed, [a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Henderson* v. *State*, 151 Conn. App. 246, 262–63, 95 A.3d 1 (2014).

The portion of the defendant's brief that alleges a violation of his due process right is devoid of any cognizable legal analysis in support of his claim. Other than a broad conclusory assertion that his due process right was violated by the court's failure to view his case in its entirety as mandated by the "mosaic rule," the defendant has provided no analysis of how the mosaic rule is applicable to the facts of his case.[10] On the basis of his inadequate briefing on the issue, we deem this claim abandoned and decline to afford it review. See *Araujo* v. *Araujo*, 158 Conn. App. 429, 431, 119 A.3d 22 (2015).

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion, the other judges concurred.

[1] The complaint also named as defendants National City Bank and Christine Tarzia. On September 7, 2012, the trial court clerk granted a motion for default against National City Bank for its failure to plead, and the clerk

granted a motion for default against Christine Tarzia for her failure to appear. Accordingly, any references to the defendant are solely to Joseph S. Tarzia, unless otherwise noted.

[2] The defendant is representing himself on appeal but had retained counsel to represent him in his proceedings in the trial court.

[3] The defendant filed the present appeal on March 14, 2017. We note that during the pendency of this appeal, this court dismissed as frivolous the defendant's then pending appeal from the denial of his March, 2016 motion to vacate and dismiss.

We also note that on the same day that this appeal was filed, the defendant filed with the trial court a notice of removal to the United States District Court for the Southern District of New York, Manhattan Division. However, on March 31, 2017, the federal District Court, *Karas, J.*, remanded the case back to the Connecticut Superior Court. The federal District Court concluded that the defendant's notice of removal suffered from "numerous incurable defects." It held that the notice of removal was defective in that it was filed in the improper venue, there was no federal question jurisdiction, and nothing remained to be adjudicated by the federal court because judgment already had been rendered in the action.

Before we address the merits of the defendant's claims on appeal, we address summarily an issue raised in the plaintiff's appellate brief. The plaintiff claims that the defendant's appeal is moot because title had vested in it due to the passing of the law days. Prior to filing its appellate brief, however, the plaintiff filed a motion to dismiss the appeal with this court, claiming that this appeal was moot because the law days had passed. This court denied the plaintiff's motion to dismiss on May 24, 2017. In previously denying the plaintiff's motion to dismiss, this court already had resolved the claim in that motion, which is identical to the plaintiff's present argument, and we decline to revisit the merits of the claim. See, e.g., *Northland Two Pillars, LLC* v. *Harry Grodsky & Co.*, 133 Conn. App. 226, 229 n.3, 35 A.3d 333 (2012); *R.F. Daddario & Sons, Inc.* v. *Shelansky*, 123 Conn. App. 725, 730, 3 A.3d 957 (2010).

[4] To the extent the defendant is arguing that the court lacked jurisdiction to deny his motion to open and vacate due to his attempted removal to federal court, we find this argument unpersuasive. "Removal is effective upon filing a notice of removal in both the relevant federal and state courts, and providing notice to the other parties. 28 U.S.C. § 1446 (a), (d). At that time, 'the State court shall proceed no further unless and until the case is remanded.' 28 U.S.C. § 1446 (d). 'A proper filing of a notice of removal immediately strips the state court of its jurisdiction.' *Yarnevic* v. *Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir.1996). Thus, even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court." *In re Diet Drugs*, 282 F.3d 220, 231 n.6 (3d Cir. 2002).

In the present case, the court denied the defendant's motion to open and vacate on March 13, 2017. However, the defendant's notice of removal was not filed with the trial court until March 14, 2017. Because the court denied the defendant's motion on March 13, 2017—the day before the notice of removal suspended the trial court's jurisdiction—the court retained jurisdiction to deny the defendant's motion to open and vacate.

[5] We note, however, that the defendant admits that he did, in fact, take out the loan and that he has been the owner of the subject property since he purchased it.

[6] To the extent the defendant is arguing that he was entitled to oral argument, a motion to open is not a motion for which oral argument is permitted as of right. See Practice Book § 11-18 (a); *Valenzisi* v. *Connecticut Education Assn.*, 150 Conn. App. 47, 50 n.2, 90 A.3d 324 (2014).

[7] During that proceeding, the court explained that the defendant represented himself in his appeals, while he had counsel to represent him in the trial court. The court further explained that there are instances when "cross over" occurs when motions "filed in the Appellate Court are filed for appellate purposes [but] require the services of both the Appellate Court and the trial [c]ourt . . . ." In light of these circumstances, the court indicated it would allow the defendant to "speak for himself in this matter," in addition to his hired counsel. The court noted that Attorney Andre Cayo, who recently had been retained by the defendant, had filed a limited appearance form to represent him on the motion to open and vacate. Attorney David Scalzi represented the defendant on other matters before the trial court, including arguing why the court should allow reargument on the court's granting of the plaintiff's motion to terminate the appellate stay.

[8] Although the defendant argues that the court failed to consider new evidence, the court indicated that it "read each and every single motion before it," prior to denying, among others, the defendant's motion to open and vacate. As such, the court clearly considered the allegations of fraud the defendant included and attached to his motion before denying it.

[9] During the proceedings on March 13, 2017, the court, at one point, took a fifteen minute recess. Upon returning, the court recognized that both of the defendant's counsel were present but noted that the defendant had not returned. The court took another brief recess in an attempt to determine the defendant's whereabouts because it indicated previously that the defendant would be given "the opportunity to . . . address the [c]ourt because of the hybrid representation considerations" he had with his appeals pending. After the court went back into session, the court stated that the defendant "has chosen to leave the [c]ourt on his own, although he was invited to remain and to be able to address the [c]ourt he's chosen to leave the court, that's within his rights."

[10] We note that the "mosaic rule" is a doctrine unique to dissolution cases. The "mosaic rule" is premised on the concept that "[t]he rendering of judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." See, e.g., *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984). The disturbance of one particular financial order, therefore, often requires the reconsideration of all orders. See *Gershman* v. *Gershman*, 286 Conn. 341, 351–52, 943 A.2d 1091 (2008) (because financial orders in dissolution action are carefully crafted mosaic with interwoven components, disturbance of particular order on appeal often requires remand for reconsideration of all orders). The defendant has not provided any analysis on how this doctrine applies to his foreclosure action.