******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# FIRST NIAGARA BANK, N.A. *v.* RAYMOND C. POUNCEY ET AL.
## (AC 43459)

Bright, C. J. and Alvord and Elgo, Js.

*Syllabus*

F Co. sought to foreclose a mortgage on certain real property owned by
the defendants. The substitute plaintiff, K Co., filed a motion for a
judgment of strict foreclosure and the defendants filed an amended
answer with seven special defenses. Thereafter, K Co. filed a motion
for summary judgment as to liability, which the court granted. The
defendants then filed a motion to reargue and reconsider the granting
of the motion for summary judgment, which the court granted but denied
the requested relief. The defendants also filed a motion to open the
summary judgment, which the court denied. The defendants then filed
a motion to reargue and reconsider the court's denial of their motion
to open the summary judgment on the ground that the court had failed
to consider our Supreme Court's holding in *U.S. Bank National Assn.*
v. *Blowers* (332 Conn. 656), which the court denied. Subsequently, the
court rendered a judgment of strict foreclosure, from which the defen-
dants appealed to this court. *Held* that the trial court did not abuse its
discretion in denying the defendants' motion to reargue and reconsider
the court's denial of their motion to open the summary judgment as to
liability; the record showed that the trial court based its orders on a
review of the parties' evidentiary submissions, not on a conclusion
that the special defenses as pleaded were legally insufficient and, thus,
contrary to the defendants' contention, our Supreme Court's decision
in *Blowers* was inapplicable to the circumstances of the present case,
as *Blowers* involved the trial court's ruling on a motion to strike that
the defendant's special defenses and counterclaims, as pleaded, were
legally deficient and whether the special defenses related to the enforce-
ment of the note and mortgage, whereas in the present case, the court
made no reference whatsoever to the relationship of the defendants'
special defenses to the making, validity or enforcement of the note
or mortgage when it denied the defendants' motion to reargue and
reconsider.

Argued February 16—officially released May 4, 2021

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant et al., and for other
relief, brought to the Superior Court in the judicial dis-
trict of Middlesex, where KeyBank, N.A., was substi-
tuted as the plaintiff; thereafter, the court, *Domnarski,
J.*, granted the substitute plaintiff's motion for summary
judgment as to liability; subsequently, the court denied
the motion to open filed by the named defendant et al.;
thereafter, the court denied the motion to reargue and
reconsider filed by the named defendant et al.; subse-
quently, the court, *Domnarski, J.*, rendered a judgment
of strict foreclosure, from which the named defendant
et al. appealed to this court. *Affirmed.*

*John R. Williams*, for the appellants (named defen-
dant et al.).

*Christopher J. Picard*, for the appellee (substitute
plaintiff).

*Opinion*

BRIGHT, C. J. The defendants Raymond C. Pouncey, also known as Raymond C. Pouncey, Sr., and Melissa Pouncey,[1] appeal from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, KeyBank, N.A. On appeal, the defendants claim that, in light of our Supreme Court's holding in *U.S. Bank National Assn.* v. *Blowers*, 332 Conn. 656, 212 A.3d 226 (2019), the court erred in denying the defendants' motion to reargue and reconsider the court's order denying the defendants' motion to open summary judgment.[2] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On July 10, 2007, the defendant Raymond C. Pouncey executed an adjustable rate note in the original principal amount of $455,000 to NewAlliance Bank. The note is secured by a mortgage on real property located at 11 Sherwood Forest Lane, Lot 5, in Killingworth. In 2011, NewAlliance Bank merged with and into First Niagara Bank, N.A. (First Niagara). On May 1, 2013, the note and mortgage were modified by a loan modification agreement entered into between the defendants and First Niagara.

In a letter dated March 24, 2015, First Niagara notified the defendants in accordance with the terms of the note and the mortgage that they were in default and that the failure to cure the default could result in the acceleration of the debt. The defendants failed to cure the default following the issuance of the March 24, 2015 letter. Thereafter, First Niagara accelerated the debt and commenced the present action. In 2016, First Niagara merged into KeyBank, N.A. Thereafter, KeyBank, N.A., was substituted as the plaintiff in this action.

On March 16, 2017, the plaintiff filed a motion for a judgment of strict foreclosure. On March 29, 2017, the defendants filed an amended answer and special defenses. The defendants pleaded seven special defenses alleging estoppel, promissory estoppel, equitable estoppel, unclean hands, violation of the covenant of good faith and fair dealing, unconscionability, and gross negligence.

On July 5, 2018, the plaintiff filed a motion for summary judgment as to liability on the allegations of the complaint. In support of the motion for summary judgment, the plaintiff attached an affidavit attested to by Irena Karovski, a banking officer for the plaintiff, averring that the defendants were in default under the loan documents for failure to make payments as required by the terms of the note and the mortgage and confirming the plaintiff's possession of the note at issue. The plaintiff attached a copy of the note and the mortgage, the loan modification agreement, the March 24, 2015 demand letter, and an emergency mortgage assistance payment letter. The defendants did not file any opposi-

tion to the plaintiff's motion for summary judgment. On October 15, 2018, the trial court granted the plaintiff's motion for summary judgment as to liability.

On October 16, 2018, the defendants filed a motion for permission to file a late affidavit in opposition to the plaintiff's motion for summary judgment. Attached to that motion were affidavits of both defendants. On October 22, 2018, the defendants filed a motion to reargue and reconsider the court's granting of the plaintiff's motion for summary judgment on the ground that their special defenses established genuine issues of material facts. The defendants submitted no affidavits or other documents in support of their motion.[3] On October 29, 2018, the trial court deferred action on the defendants' motion for permission to file a late affidavit in opposition to the plaintiff's motion for summary judgment pending the outcome of the October 22, 2018 motion to reargue. On November 16, 2018, the court granted the defendants' motion to reargue and reconsider, but denied the requested relief. In its November 16, 2018 order, the court first noted that "[the defendants acknowledge] that there was no objection to the motion for summary judgment before the court when the motion was decided; however, [the defendants maintain] that, on its face, the plaintiff's motion was insufficient to establish the absence of a genuine issue of fact as to the plaintiff's right to foreclose the subject mortgage." The court then stated: "The court has reviewed the allegations of the complaint, the affidavit in support of summary judgment, and [the defendants'] special defenses. The plaintiff's memorandum and supporting documents establish that there is no genuine issue of material fact regarding the plaintiff's right to foreclose the subject mortgage. The allegations of the [special defenses] are not legally sufficient. [The defendants allege] that there was a mortgage modification agreement entered into in February and April of 2013, however, the plaintiff's affidavit states that payments have not been made on the mortgage since June 1, 2014. [The defendants have] failed to sufficiently allege deceitful or unfair practices on the plaintiff that led to the filing of a foreclosure action that could have been avoided. See *U.S. Bank, N.A.* v. *Eichten*, 184 Conn. App. 727, 196 A.3d 328 (2018)."

Subsequent to the defendants' filing of their October 22, 2018 motion to reargue and reconsider, but prior to the court's ruling on the October 22, 2018 motion, the defendants, on November 5, 2018, filed a motion to open the summary judgment as to liability. On November 6, 2018, the defendants filed a revised motion to open the summary judgment and an affidavit in support of their motion.[4] On November 14, 2018, the defendants filed a second revised motion to open the summary judgment as to liability (motion to open). In their memorandum in support of the motion to open, the defendants argued that their amended answer and special defenses,

request for admission, and a discovery dispute with the plaintiff raised genuine issues of material facts. In particular, the defendants claimed that there was evidence that the plaintiff misapplied their payments after the 2013 modification, that they had not defaulted on the note, and that they did not receive the notice of default. After conducting a hearing on the defendants' revised motion on July 8, 2019, the court issued an order on July 16, 2019, requesting further arguments and/or submissions regarding the defendants' motion to open and informed the parties that the matter would be scheduled for the August 12, 2019 foreclosure short calendar. After receiving additional evidentiary submissions from the parties, the court denied the defendants' motion to open on August 20, 2019. In its ruling, the court stated that it had considered the submissions of the parties, the procedural history of the case, the determinations made when summary judgment as to liability was rendered as well as those made in the ruling on the defendants' October 22, 2018 motion to reargue. The court concluded that the defendants did not show reasonable cause to open the summary judgment as to liability. Furthermore, the court noted that the plaintiff's supplemental affidavit in support of its motion for summary judgment satisfactorily explained the purported issues that were the basis for the defendants' motion to open.[5]

On September 9, 2019, the defendants filed a motion to reargue and reconsider the court's denial of their motion to open the summary judgment on the ground that the court had failed to consider our Supreme Court's holding in *Blowers*. The defendants argued that *Blowers* reversed the doctrine that the trial court had applied in "ignoring" the defendants' special defenses and granting the plaintiff's motion for summary judgment as to liability. The defendants contended that the court should have considered the defendants' allegations of, "[postorigination] of the loan, actions by the plaintiff in their special defenses as sufficient facts to deny summary judgment and at the very least to open after the [*Blowers* opinion]."[6] On September 10, 2019, the court denied the defendants' motion to reargue and reconsider. On September 16, 2019, the court rendered a judgment of strict foreclosure. This appeal followed.

On appeal, the defendants claim that the court erred in denying their September 9, 2019 motion to reargue and reconsider because our Supreme Court's holding in *Blowers* "dramatically reshaped the law" regarding the legal sufficiency of special defenses in a foreclosure action. According to the defendants, the court's conclusion that the defendants' allegations in their special defenses were not legally sufficient is no longer correct in light of *Blowers*. The defendants argue that there is no meaningful difference between the present case and *Blowers*. The defendants contend that their special defenses, like those in *Blowers*, are legally sufficient

because the special defenses were directed to the enforcement of the note or mortgage.

We first address our standard of review. The defendants argue that our review of the court's denial of their motion to reargue and reconsider the court's denial of their motion to open is de novo because they are challenging on appeal the court's erroneous application of our Supreme Court's decision in *Blowers* to the legal sufficiency of their special defenses. The plaintiff argues that our review is limited to determining whether the court abused its discretion. We agree with the plaintiff.

"[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Internal quotation marks omitted.) *Wachovia Mortgage, FSB* v. *Toczek*, 196 Conn. App. 1, 12, 229 A.3d 730, cert. denied, 335 Conn. 964, 240 A.3d 282 (2020). Because we conclude that *Blowers* is inapplicable to the circumstances of the present case, and because the record does not support the defendants' claim that the court ignored the rationale of *Blowers*, we see no reason to depart from the abuse of discretion standard of review.

Relying on *Blowers*, the defendants contend that because their special defenses allege that the plaintiff engaged "in a pattern of misrepresentation and delay in postdefault loan modification negotiations before and after initiating the foreclosure action—thereby adding to the [defendants'] debt and frustrating the [defendants'] ability to avoid foreclosure," the defendants' special defenses are legally sufficient.

Because the defendants rely exclusively on what they claim was the court's failure to apply correctly the Supreme Court's holding in *Blowers*, we briefly discuss the facts, procedural history, and holding of that case. In *Blowers*, our Supreme Court addressed the question of whether this court erred in affirming the judgment of the trial court, which was based, in part, on the court's granting of a *motion to strike* the defendant's special defenses and counterclaims, in which the defen-

dant alleged that the plaintiff "mortgagee engaged in a pattern of misrepresentation and delay in postdefault loan modification negotiations before and after initiating the foreclosure action—thereby adding to the mortgagor's debt and frustrating the mortgagor's ability to avoid foreclosure . . . ." *U.S. Bank National Assn.* v. *Blowers*, supra, 332 Conn. 658. The mortgagor's principal claim was that this court and the trial court "incorrectly concluded that such allegations cannot establish legally sufficient special defenses or counterclaims because the misconduct alleged did not relate to the making, validity or enforcement of the note or mortgage." Id., 658.

Prior to addressing the merits of the defendant's claim, the Supreme Court noted that the trial court concluded that the allegations in support of at least two of the special defenses "were legally sufficient, but for the requisite direct connection to the making, validity or enforcement of the note or mortgage." Id., 669–70. Thus, the Supreme Court assumed, for purposes of its opinion, that the special defenses otherwise would have been legally sufficient, and limited its review to the question of whether the allegations bore a sufficient connection to enforcement of the note or mortgage.[7] Id., 670.

The court did not abandon the "making, validity, or enforcement" test as an appropriate method for trial courts in foreclosure actions to determine whether special defenses and counterclaims bear a sufficient relationship to the allegations of the complaint to be legally sufficient. Instead, it interpreted the test "as nothing more than a practical application of the standard rules of practice that apply to all civil actions to the specific context of foreclosure actions." Id., 667. The court then provided a definition of the enforcement element of the test and concluded that the trial court and this court applied a too narrow interpretation of the term to the defendants' allegations. Id., 670–76. In doing so, the court noted that it took a similar view of what equitable defenses relate to enforcement of the note or mortgage in *Thompson* v. *Orcutt*, 257 Conn. 301, 318, 777 A.2d 670 (2001). *U.S. Bank National Assn.* v. *Blowers*, supra, 332 Conn. 671–72, 675. Thus, contrary to the defendants' claim that the Supreme Court in *Blowers* "dramatically reshaped the law," the court only clarified how the "making, validity, or enforcement" test should be applied, consistent with its earlier decision in *Thompson*.

Ultimately, the court concluded that "allegations that the mortgagee has engaged in conduct that wrongly and substantially increased the mortgagor's overall indebtedness, caused the mortgagor to incur costs that impeded the mortgagor from curing the default, or reneged upon modifications are the types of misconduct that are directly and inseparably connected . . . to

enforcement of the note and mortgage." (Citation omitted; internal quotation marks omitted.) Id., 675. The court held that such allegations provide a legally sufficient basis for special defenses in a foreclosure action. Id., 676. Accordingly, that court reversed the judgment of this court with direction to reverse the judgment of strict foreclosure and to remand the case to the trial court for further proceedings.[8] Id., 678.

The defendants' reliance on *Blowers* and their perception that the court did not properly consider the Supreme Court's reasoning in that case are without merit for a number of reasons. First, *Blowers* involved the trial court's ruling, on a motion to strike, that the special defenses and counterclaims, *as pleaded*, were legally deficient. In the present case, the court rejected the defendants' special defenses when it ruled on the plaintiff's motion for summary judgment, which involved the question of whether the defendants had presented sufficient evidence to create a genuine issue of material fact as to the viability of their special defenses. The defendants argue that the procedural difference between this case and *Blowers* is unimportant because the court in the present case did not base its decision on facts but, instead, rejected the defendants' special defenses as legally insufficient. This simply is not true.

In the present case, before ruling on the defendants' November 14, 2018 motion to open, the court gave the parties "the opportunity to submit further affidavits [and/or] evidence on the issues related to the defendants' motion to open the judgment as to liability." After receiving and considering the parties' submissions, including affidavits of the defendants and multiple exhibits attached thereto, the court concluded that the defendants had "not shown reasonable cause to open the judgment as to liability entered on October 15, 2018" and had "failed to persuade the court that it should exercise its equitable discretion to open or vacate that judgment as to liability."

Although when it denied the defendants' motion to reargue and reconsider the court's ruling granting summary judgment as to liability the court stated that "[t]he allegations of the [special defenses] are not legally sufficient," there is no question that in connection with the defendants' motion to open, the court requested evidentiary submissions from the parties, the defendants submitted evidence in response, and the court found that the submissions did not warrant the opening of the summary judgment as to liability. Significantly, on appeal, the defendants do not challenge the court's analysis of the parties' evidentiary submissions related to the motion to open. Consequently, the manner in which the court disposed of the defendants' special defenses and the record on appeal are completely different from the procedural posture and record in *Blowers*.

The fact that the court rejected the defendants' argument in their September 9, 2019 motion for reargument that *Blowers* required that the motion to open be granted, therefore, is not surprising.

Second, to the extent it can be argued that the court, when ruling on the motion to open, relied on an earlier conclusion that the allegations of the special defenses as pleaded were legally insufficient, such a conclusion differs from the trial court's conclusion in *Blowers* that the allegations of the defendant's special defenses and counterclaims were legally deficient. Unlike in the present case, the trial court in *Blowers* concluded that at least two of the special defenses at issue were legally sufficient, but for the requisite direct connection to the making, validity or enforcement of the note or mortgage. Furthermore, the Supreme Court in *Blowers* assumed that the special defenses were legally sufficient, but for the question of whether they were sufficiently related to enforcement of the note or mortgage. Thus, the sole issue in *Blowers* was whether the special defenses and counterclaims related to enforcement of the note or mortgage.

By contrast, in the present case, the court made no reference whatsoever to the relationship of the defendants' special defenses to the making, validity or enforcement of the note or mortgage, when it denied the defendants' motions to reargue and reconsider. When it denied the first motion to reargue and reconsider it merely stated that the defendants' allegations were not legally sufficient. As previously noted in this opinion, the court made this determination in the context of a motion for summary judgment, not a motion to strike. Furthermore, when the court denied the motion to open, which was the subject of the motion for reargument at issue in this appeal, it made no reference at all to the legal sufficiency of the defendants' special defenses. Instead, as previously noted in this opinion, it denied the motion based on the parties' evidentiary submissions.

In sum, the record does not show that the trial court concluded, in contrast with *Blowers*, that the defendants' special defenses were legally sufficient, but for the requisite direct connection to the making, validity or enforcement of the note or mortgage. Instead, the record shows that the trial court based its November 16, 2018 and August 20, 2019 orders on its review of the parties' evidentiary submissions and not on a conclusion that the special defenses as pleaded were legally insufficient. Consequently, on the basis of our review of the record and our Supreme Court's holding in *Blowers*, we conclude that the trial court did not abuse its discretion in denying the defendants' motion to reargue and reconsider the court's denial of their motion to open the summary judgment as to liability.

The judgment is affirmed and the case is remanded

for the purpose of setting new law days.

  In this opinion the other judges concurred.

[1] The following entities were also named as defendants: First Niagara Bank, National Association, formerly known as NewAlliance Bank; State of Connecticut, Department of Revenue Services; and Midland Funding, LLC. First Niagara Bank, National Association, formerly known as NewAlliance Bank, and Midland Funding, LLC, were defaulted for failing to appear. State of Connecticut, Department of Revenue Services was defaulted for failing to plead. Accordingly, references to the defendants are to Raymond C. Pouncey, also known as Raymond C. Pouncey, Sr., and Melissa Pouncey.

[2] The defendants also claim that the court erred in striking their counterclaim. The record reflects that the plaintiff moved to strike the counterclaim as untimely because it was filed after the court had granted summary judgment as to liability on the plaintiff's complaint, and that the court granted the motion to strike for that reason. The defendants' counsel conceded at oral argument before this court that the counterclaim was untimely. Furthermore, the defendants do not even mention, let alone address, in their briefs the plaintiff's motion to strike, the court's ruling or the basis for the ruling. Accordingly, the defendants' claim regarding the motion to strike their counterclaim is deemed abandoned. See *Sturman* v. *Socha*, 191 Conn. 1, 3 n.2, 463 A.2d 527 (1983) (issue raised in preliminary statement of issues but not pursued in brief deemed abandoned); see also *Wells Fargo Bank, N.A.* v. *Tarzia*, 186 Conn. App. 800, 813–14, 201 A.3d 511 (2019) (claim deemed abandoned due to inadequate briefing); *Araujo* v. *Araujo*, 158 Conn. App. 429, 430–31, 119 A.3d 22 (2015) (declined to review claims that were inadequately briefed).

[3] On October 25, 2018, the defendants submitted an exhibit in support of their October 22, 2018 motion to reargue. The exhibit is a copy of *Midland Funding, LLC* v. *Mitchell-James*, 163 Conn. App. 648, 137 A.3d 1 (2016) (reversing judgment of trial court due to plaintiff failing to meet burden of establishing absence of genuine issue of material fact as to factual basis for claim of ownership of defendant's alleged debt).

[4] On November 6, 2018, the defendants filed identical evidentiary submissions, which the defendants identified separately as "additional affidavit in opposition to motion for summary judgment" and "affidavit in support of motion to open summary judgment."

[5] In particular, on August 7, 2019, the plaintiff filed a supplemental memorandum and an affidavit with attached exhibits providing clarification on the purported misapplication of funds. The plaintiff submitted a supplemental affidavit wherein Irena Karovski attested that the defendants did have an escrow overage totaling $4413.41 on April 30, 2015. On April 30, 2015, the loan was due for May 1, 2014. The overage was applied to the loan on April 30, 2015, bringing the loan due date to June 1, 2014. The loan was never brought current after the issuance of the March 24, 2015 demand letters.

[6] The defendants also argued that "the court ignored the actions of the clerk of not entering a write-on on the computer system until after [9 p.m.] for a hearing that had already [passed] in the morning." The defendants have not pursued this issue on appeal.

[7] Because the defendant's special defenses and counterclaims in the *Blowers* case were based on alleged misconduct by the plaintiff after the note and mortgage were executed, they could not relate to the making or validity of the note or mortgage.

[8] Although the court concluded that the defendant's allegations "in toto" were legally sufficient, it "[expressed] no opinion as to whether all of the defendant's allegations necessarily have a sufficient nexus to enforcement of the note or mortgage." *U.S. Bank National Assn.* v. *Blowers*, supra, 332 Conn. 676.